OF THE

# Supreme Court of Florida,

AT

# FEBRUARY TERM, 1854,

## HELD AT JACKSONVILLE.

---

WILLIAM D. BRANCH, ADMINISTRATOR, &C., APPELLANT, vs.
LITTLEBERRY BRANCH, APPELLEE.

1. It is irregular, in an action of replevin, to make an order for the issuing of a writ of return and restitution before final judgment. Such an order, when a party is entitled to it, should form a part of the final jugment.

2. In an ordinary case, a judgment dismissing a suit is a final judgment, but an action of replevin is an extraordinary remedy, and in such action, a judgment dismissing the suit is not final, and error cannot be assigned upon such an order until after final judgment.

3. The 11th section of the act of March 11th, 1845, provides that if it shall appear, upon the non-suit of the plaintiff, or upon trial, or *otherwise*, that the defendant is entitled to a return of the goods, he shall have judgment therefor accordingly, with damages, &c., unless he shall elect, &c.

4. By a judgment dismissing the suit, it does *otherwise* appear that the defendant is entitled to a return of the goods, and the necessary proceedings to enforce such return may be had on such judgment.

5. A writ of error will only lie (under our statute) on a final judgment.

Motion to dismiss the appeal in this cause, on the ground that it was taken from a judgment which is not final.

*Rogers & Sanderson* for the motion.

*Pearson & McIntosh* contra.

DOUGLAS, J., delivered the opinion of the Court:

This is an action of replevin, instituted in the Circuit Court for Marion County, by William D. Branch, administrator, &c., of Samuel E. Swilley, deceased, against Littleberry Branch, to recover a stock of cattle, numbering about eighteen hundred. An affidavit and bond were filed, whether in accordance with the provisions of the statute or not, is a question not presented for our consideration. The writ was issued and levied, a summons was served upon defendant, a declaration was duly filed, and at the last term of said Court, the cause came on to be heard, when the defendant's counsel "moved the Court to quash the writ and declaration, for a variance between the writ and declaration," and also moved the Court to dismiss the suit, for want of a sufficient affidavit and bond, and because a pluries writ had been issued in said cause before declaration filed. Whereupon the Court, having heard the argument of counsel, and having considered the matter, overruled the motion to quash said writ and declaration, but sustained defendant's motion to dismiss said suit, for want of a sufficient affidavit and bond. Whereupon the plaintiff, by his counsel, prayed an appeal, in open Court, and the said plaintiff, having executed a bond, according to law, and paid the costs, the same was allowed by the Court. After the appeal was taken, the next step in the case, as appears by the record, was a judgment, of the Court, in the following words, to-wit: "It appearing to the satisfaction of the Court, by the order heretofore entered, dismissing said cause, that the defendant is entitled to a return of

six hundred and thirty-eight head of cattle, taken and detained by the plaintiff, under and by virtue of the writ of replevin in this cause, whereupon it is ordered, considered and adjudged by the Court that the plaintiff do return the said six hundred and thirty-eight head of cattle to the defendant; and it is further ordered, considered and adjudged that a writ of return and restitution thereof be and the same is hereby awarded to the defendant, and the defendant do recover his costs in this behalf expended, taxed, &c." Here would seem to be an irregularity, either of the Court or the Clerk who made up the record, for the matter should make a part of the *final judgment of the Court*, whenever a writ of return and restitution is awarded; but instead of that, it was immediately followed by the calling and empanneling of a jury, to assess " the damage the defendant had sustained by reason of the wrongful taking and detention of the stock of cattle, under and by virtue of the said writ of replevin," who found that the defendant had sustained no damage by reason of the said taking and detention, which verdict was, on motion of the said defendant, set aside and annulled, and a new assessment of damages was ordered. These are all the facts of the case which are deemed necessary to a decision upon this motion, and the question now presented for our consideration is, can this appeal be sustained? If it can, this motion should fail; otherwise it must prevail; and this raises the question whether the judgment of the Circuit Court dismissing the suit was or was not a final judgment. This Court has already ruled, in a late case at Tallahassee, (Carroll vs. Dawkins,) that notwithstanding the provisions contained in the first section of the act approved January 7th, 1853, Pamphlet Laws 1853, page 100, entitled " an act in addition to and amendatory of the several acts concerning writs of error and appeals to the Supreme Court," which, amongst other

things, enacts that the granting of a new trial may be assigned for error, that a writ of error cannot issue on such assignment until there has been a final judgment entered in the case, and the counsel who argued this case for the defendant, seemed to recognize the ruling as correct, by contending, (as he did with great zeal and energy,) that this was a final judgment. We entertain a different view of it. "A final judgment is one that puts an end to the suit." Bouvier's Law Dict., title, Judgments Final, page 550.

A judgment is defined to be the sentence of the law pronounced by the Court, upon the matter appearing from the previous proceedings in the suit. Har. Law Dict., title, Judgment, page 255, 256. It is the conclusion that naturally and regularly follows from the premises of law, and fact. Jacob's Law Dict., title, Judgment, page 551.

The action of replevin, (the defendant's counsel very properly said,) is an extraordinary remedy, given by the statute to establish the right of possession, and to whomsoever the Court awards the possession, whether plaintiff or defendant, that is the *conclusion* of law, and it matters not whether that right of possession is established either by a trial upon the merits or by a default of the plaintiff. Suppose we admit the premises, does the conclusion that this is a final judgment follow? It is precisely because this is an extraordinary remedy that it does not,; it will be readily admitted that in an ordinary case a judgment dismissing the suit is a final judgment, but the 11th section of the act of March 11th, 1845, the act under which this suit was brought, (Thompson's Digest, page 390, No. 4,) declares that if it shall appear upon the non-suit of a plaintiff, or upon trial, or *otherwise*, that the defendant is entitled to a return of the goods, he shall have judgment there-

for accordingly, with damages for the taking thereof by the replevin, with costs, with a writ of restitution thereupon accordingly, unless he shall elect to waive such return, as in the next section provided. That next section provides that whenever the defendant shall be entitled to a return of the property replevied, instead of taking judgment therefor, he may take judgment for the value of the property replevied, to be assessed by the Jury. Now it does not appear by the non-suit of the plaintiff, or upon trial, that the defendant is entitled to a return of the goods; yet it does, we think, otherwise very clearly appear that he is thus entitled, viz: By the dismissal of the suit for want of a sufficient affidavit and bond, (if, indeed, it was for that cause properly dismissed,) a matter which, in the present aspect of the case, for the purpose of this motion, we are obliged to assume. This must be so, or the plaintiff, by putting in an insufficient affidavit and bond, might obtain possession of the property, accomplish the object of his suit, and perhaps leave the defendant remediless, or if not entirely remediless, he would entail upon him a long and tedious litigation to obtain the possession of his property, of which he had been wrongfully dispossessed, through the instrumentality of the law, or the value thereof. If these views are correct, (and we believe them to be so,) then upon the dismissal of the cause, subsequent proceedings material to the cause, and the interest of the parties, could properly have been taken, unless by the appeal the case was removed beyond the jurisdiction of the Circuit Court, a question which we are not called upon to decide, and if we were, a decision of it would not affect the interest of the parties upon the present motion, or under our statute in relation to appeals and writs of error to the Supreme Court. (See Thompson's Digest, page 446, Sec. 1.) 'An appeal only lies upon a final judgment. That statute, Sec. 1, con-

9

tains the only provision of the law of this State authorizing an appeal to this Court in a case at law, and it only authorizes an appeal in cases where " a party in either of the circuit Courts of this State shall feel aggrieved by a final judgment, sentence, or decree made or pronounced by any or either of said Courts." The judgment from which the appeal in this case was taken, is (as we have shown) *not final.* The motion therefore is sustained. Let the appeal be dismissed and the cause be remanded to the Circuit Court from which it came, for further proceedings, in accordance with this opinion. *Per totam Curiam.*