HENRY ANDERSON, APPELLANT VS. JAMES B. BROWN, APPELLEE.

1. The act of 1845 (Thompson's Digest 50–51) which restricts the jurisdiction of the Supreme Court to the entertainment of " causes brought by appeal or writ of Error from the several Circuit Courts, when the matter in controversy exceeds in amount or value fifty dollars" is compatible with the provisions of the Constitution, and that Court is not authorized to take or exercise jurisdiction of a cause, in which the matter in controversy is below that limit. The case of Curry vs. Marvin (2 Florida Reports 411) referred to and approved.

2. The several acts of the General Assembly granting an appeal from the judgment of a Justice of the Peace, to the Circuit Court (Thomp. Dig. 54, par.

7, and 364, Sec. 1 par. 1,) do not contravene any provision of the Constitution and are imperative upon the Courts.

3. Where the Judge of a Circuit Court shall refuse to entertain jurisdiction of an appeal taken from a Justice's Court, a writ of *Mandamus*, issuing from the Supreme Court, is the appropriate process to compel the exercise of that jurisdiction.

Appeal from a Judgment of the Circuit Court for Putnam County. For a statement of the facts of the case, reference is made to the opinion of the Court.

G. W. Call, Jr. for appellant.

B. M. Pearson, for appellee.

DuPont J.

The record in this cause presents the following state of case. The appellant commenced his suit before a Justice of the Peace in the County of Putnam, and upon the trial, Judgment was rendered for the defendant, for the costs of the suit, which amounted to the sum of three dollars and twenty five cents. From that judgment the plaintiff prosecuted an appeal to the Circuit Court of the said County. At the Fall Term of the said Court, the appeal was, upon motion, dismissed, upon the ground that the Circuit Court had no jurisdiction of the cause. From the judgment of the Circuit Court dismissing the appeal, the appeal to this Court is taken, and the preliminary question presented for our determination is, whether this Court, in view of the restriction imposed by Statute upon its jurisdiction, can entertain the appeal.

This Court has already decided in the case of Curry vs. Marvin (2 Florida R. 411) that the Act of 1845, which restricts the jurisdiction of the Supreme Court to the entertainment of "causes brought by appeal or writ of Error

from the several Circuit Courts, when the matter in controversy exceeds in amount or value, fifty dollars," (Thomp. Dig. 50 and 51) is compatible with the provisions of the Constitution, and that it will not take or exercise jurisdiction, where the amount in controversy is below that limit. The decision in that case being an authoritative adjudication of the question, and receiving as it does our entire approbation, it only remains for us to order the appeal to be dismissed for want of jurisdiction.

It was argued however, that unless the Supreme Court shall entertain the appeal, the party appellant will be without any remedy, inasmuch as the Circuit Court has also declined to take cognizance of the case, on the ground of a want of jurisdiction ; and that thus he will be deprived of the right of appeal which is guaranteed to him by virtue of the 10th Section of the 5th Article of the Constitution, (Vide Thomp. Dig. 62.)

Such consequence will not necessarily result from our action in this case, as may be readily perceived by reference to the opinion delivered upon the decision of the case of *Ex parte* Henderson, decided at the present term of this Court.

That decision was made upon a *rule nisi* directed to the Judge of the Circuit Court, calling upon him to show cause why a *Mandamus* should not issue, requiring him to entertain jurisdiction of an appeal taken from a Justice's Court. In that case the court held that the act of the general Assembly confering such appellate jurisdiction upon the Circuit Courts, does not contravene any provision of the Constitution and is imperative upon those Courts, and that the

writ of *Mandamus,* is the appropriate process to compel the exercise of that jurisdiction.

Let the appeal be dismissed with costs.