EPHRAIM HARRISON, APPELLANT, vs. THURSTON & BUIST, APPELLEES.

1. A final judgment within the meaning of the statute of this State, regulating appeals and writs of error in suits at law, and which may be appealed from, is such a judgment as leaves nothing undetermined and pending in the Court below.

2. An order dissolving an attachment after "plea pleaded," is not such a final judgment within the meaning of the statute as may be appealed from.

Appeal from Nassau Circuit Court.

This case was decided at Tallahassee.

The opinion of the Court contains a statement of the case so far as relation is had to the points decided.

*J. P. Sanderson* for Appellant.

*J. J. Finley* for Appellees.

DOUGLAS, J., delivered the opinion of the Court.

This cause comes before this court on appeal from the Circuit Court of Nassau county.

The action in the court below was commenced by attachment, which was served on the property of the appellant; and at a subsequent day the appellant moved the court to dissolve the attachment, which motion was overruled by the court.

From this decision of the court, overruling the motion to dissolve the attachment, an appeal was taken to this court.

It is now moved to dismiss the appeal, because there is no *final* judgment in the court below, from which an appeal will lie to this court.

The statute of this State on the subject of appeals and writs of error, provides: "If a party, in either of the Circuit

Courts of this State, shall feel aggrieved by a *final* judgment, sentence or decree, made or pronounced by any or either of said courts, it shall and may be lawful for such party, during the session of the court at which such judgment, sentence or decree is rendered or pronounced, or within ten days thereafter, to obtain in court, if the appeal be made in term time, or in the Clerk's office, if it be in vacation, his, her or their appeal to the Supreme Court of this State." Thompson's Digest, 446.

It will be seen from the statute above recited, that appeals and writs of error will not lie in a case at law, until after *final* judgment, and if taken before, this court cannot entertain jurisdiction.

What is a final judgment is well understood, and has been often adjudicated by the courts. If the cause is still pending in the court below, and there remains any further order or judgment to be made or pronounced, or act to be done by that court, then there is not such a final judgment in the case as to justify an appeal or writ of error to this court. Tatum & Wife vs. Snidow, 2 Hen. & Munf., 542; Wills vs. Jackson, 3 Munf., 458; Branch, adm'r, vs. Branch, 5 Fla. Rep., 450; McKinnon vs. McCullum, 6 Fla. Rep., 378.

In the case now before the court, the refusal of the court below to dissolve the attachment was not decisive of the rights of the appellant, and did not put an end to the suit. It left the cause still depending in the court below, and it was necessary that there should be further action on the part of the court before a final judgment could be entered.

In suits commenced by attachment, the writ of attachment is the process by which the party defendant is brought before the court, and the plaintiff can only obtain a final judgment by the judgment of the court passed, not on the sufficiency of the writ and the proceedings upon it, *but upon his claim or demand*, which is the foundation and subject matter of his suit. Should the attachment be dissolved be-

Harrison vs. Thurston & Buist—Opinion of Court.

fore plea pleaded, the statute provides for the dismissal of the suit, and this would be such a final judgment as might be the subject of appeal or writ of error. Such order dissolving the attachment would be the end of the suit, and would leave no suit depending in court. The judgment from which the appeal in this case was taken is not final. The motion to dismiss the appeal is therefore sustained. Let the appeal be dismissed and the cause remanded to the Circuit Court from which it came, for further proceedings in accordance with this opinion.