(5 App. Div. 532.)

## LAMKIN et al. v. ROSENTHAL.

(Supreme Court, Appellate Division, Third Department.　May 21, 1896.)

1. DISMISSAL OF ACTION—EFFECT OF STIPULATION.

A stipulation between the parties to an action for possession of goods which had been replevied by plaintiffs and were in possession of the sheriff, that it was agreed that plaintiffs should surrender the goods which their representatives could not identify as theirs, and that each would release the other from all claims on account of the levy, does not authorize a dismissal of the action.

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

An agent authorized merely to buy goods had no authority, on their seizure under replevin, to enter into an agreement with plaintiffs in a replevin suit to release them from all claims on account of the levy, in consideration of plaintiffs' surrendering all the goods which their representatives could not identify as theirs.

Appeal from special term, Albany county.

Action by Guy Lamkin and Alfred S. Foster against Harris Rosenthal to recover possession of chattels.　From an order dismissing and discontinuing the action, defendant appeals.　Reversed.

The stipulation referred to in the opinion is as follows:

"Whereas, Harris Rosenthal, of New York City, was in possession of stock of goods in 'New Shoe Store' under a claim that said goods had been purchased on the morning of December 24, 1895; and whereas, Lamkin & Foster, of Boston, claiming to own the boots, shoes, and rubbers in said store, replevied the said stock, and the same now is in possession of the sheriff of Rensselaer county; and whereas, an action has been commenced by said Rosenthal against Lorenzo McDougall and George E. Greene, one of the plaintiffs' attorneys; and whereas, it has been agreed by said Lamkin & Foster that it will surrender all of said goods, boots, shoes, and rubbers that their representative, A. P. Crawford, cannot identify, and that they will make no further claim to the balance of said merchandise: Now, in consideration of the foregoing, and the sum of one dollar paid by each of said parties to the other, the receipt thereof is hereby acknowledged, each releases the other of and from all claims on account of said levy, and on account of said actions against said McDougall and Greene, and the latter are hereby released by said Rosenthal, and said actions are to be discontinued without costs to either party, except that each of the parties hereto is to pay one-half of the sheriff's fees. Said Lamkin & Foster are immediately to select their goods from said stock, and to the balance thereof they are to make no claim; and said Rosenthal hereby releases said sheriff of and from all liability whatever on account of said levy or taking possession of said goods.

"Hoosick Falls, N. Y., December 24, 1895.

　　　　　　　　　　　"Lamkin & Foster,
　　　　　　　　　　　　"By A. P. Crawford.
　　　　　　　　　　　"Harris Rosenthal,
　　　　　　　　　　　　"By David Rosenthal."

　　　　　　　"Hoosick Falls, N. Y., Dec. 24, 1895.

"Received from L. McDougall and Geo. E. Greene the sum of one dollar in full for all claims of every kind and nature to date, and in full for all claim in actions brought this day against them and each of them.

　　　　　　　　　　　"Harris Rosenthal,
　　　　　　　　　　　　"By David Rosenthal."

Argued before PARKER, P. J., and LANDON, MERWIN, PUTNAM, and HERRICK, JJ.

Hays & Greenbaum, for appellant.

Geo. E. & H. J. Greene, for respondents.

PARKER, P. J.    It is claimed that the order from which this appeal is taken can be sustained on two grounds:

1. That the stipulation executed on December 24, 1895, by David Rosenthal for this defendant, authorizes it.    But there cannot be found in such stipulation any agreement whatever, on the part of either party, to discontinue this action, or that an order may be entered discontinuing it.    The plaintiffs do not agree to discontinue. They simply agree to take their goods and leave the rest alone. There is an agreement to discontinue the actions against Greene and McDougall, but with those actions this order does not interfere, and they are not now before us.    This order cannot, therefore, be sustained on the ground that defendant has ever consented that such a one be entered.

2. It is claimed that such stipulation is an agreement whereby the parties settled the cause of action involved in this suit, and that, therefore, the plaintiffs should be allowed to discontinue the same, and to have an order entered to that effect.    To this the defendant replies that his son David had no authority to make such a contract for him.    His affidavit shows that David was sent to close a purchase of the goods, with money to pay for them, and with instructions to ship them to New York City, and that beyond that he had no authority whatever to act for his father.    It appears that after David had received the goods from the vendor, and was about to ship them to New York, these plaintiffs claimed the goods in question, took possession of them by force of a replevin writ issued in this action, and, after they had so obtained possession, David, the agent, by executing the stipulation above referred to, agrees that they may keep all they claim, if they will not take any more.    In our opinion, David had no authority to make any such arrangement.    His instructions were to pay for and receive, not to give away, the goods. Defendant had an undoubted right to contest in court, and before a jury, the claim which the plaintiffs make to the goods which he had purchased; and David, his agent, had no authority to contract that right away.    There is no evidence in the record before us showing that he had any such authority.    His own admissions to that effect, even if he made any, are evidently not to be taken as against this defendant, and no such power can be inferred from the duties which the defendant states had been imposed upon him.    The stipulation, therefore, is without effect, as an agreement, against this defendant. Whatever may be the merits of their respective claims to the ownership of these goods, it is clear that plaintiffs should not be allowed to use the form of an action, and the process of this court, to take the goods away from defendant's possession, and then, by discontinuing the action, deprive him of the means of establishing his title, and of the judgment of the court restoring them to him.    The defendant has the right, and must be allowed, to take the verdict of a jury upon the question of his ownership of the goods.    For that reason the order appealed from must be reversed, with costs.

Order reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.    All concur.