A. B. Crump, Doing Business as A. B. Crump Construction Company, *Relator*, v. H. P. Branning, Judge of the Circuit Court, Eleventh Judicial Circuit in and for Dade County, Florida, *Respondent*.

## Opinion filed December 14, 1917.

1. It is well settled that mandamus is the proper remedy to compel its exercise when a court refuses to exercise jurisdiction that it clearly possesses.

2. While mandamus will lie to compel a court to exercise its lawful jurisdiction where it refuses to do so, it cannot be maintained to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error.

3. As a general rule a plaintiff, in an ordinary action at law, has the right, without the consent of the defendant, to dismiss his case before it has been submitted on the merits, but this rule does not obtain in actions of replevin.

4. In an action of replevin both parties are equally actors, and when the plaintiff in replevin has been put in possession of property, under a writ of replevin, he will not be permitted to escape liability to defendant by taking a non-suit or dismissing his action without the consent of the defendant.

5. This is true also in a case where the goods have been redelivered to the defendant upon his forthcoming bond, since in such case, when the plaintiff declines to further prosecute and asks that his action be dismissed, it appears within the meaning of the provisions of Section 2189, General Statutes of Florida, 1906, that the defendant is entitled to the goods replevied and the plaintiff cannot by pursuing this course deprive the defendant of the right which the statute clearly gives him to have the question of his damages and costs passed upon in such action.

6. In an action of replevin, where the goods replevied have been redelivered to the defendant upon his forthcoming

bond, and the plaintiff declines to further prosecute his action and files a motion asking that it be dismissed it appears within the meaning of the provisions of Section 2189, General Statutes of Florida, 1906, that the defendant is entitled to the goods, and he is therefore entitled to an inquest or hearing in such action upon the question of "his damages for the taking of such property and for his costs."

7. The unauthorized action of a clerk of a court in entering an order dismissing an action of replevin, will not have the effect of depriving the defendant of the right to a judgment in such action given him by Section 2189, General Statutes of Florida.

A case of original jurisdiction.

Demurrer and motion to quash overruled.

*Price, Price & Eyles,* for Relator;

*Carson, Pine & Willard and Rand & Kurtz,* for Respondent.

*West,* J.   This is an original proceeding by mandamus in this court.   From the allegations of the alternative writ it appears that an action of replevin was instituted in the Circuit Court of Dade County by Wyndwood Park, Company, a corporation, against the relator A. B. Crump, doing business as A. B. Crump Construction Company. The usual praecipe for summons *ad respondendum,* affidavit and bond were filed, whereupon a writ of replevin was duly issued by the clerk and executed by the sheriff by levying upon the property described in the affidavit and bond, the possession of which was sought to be recovered by the plaintiff.   The defendant, relator, thereupon gave a forthcoming bond for the property, which bond

was approved by the sheriff, and the property was de-
livered to him.    The plaintiff, by its counsel, then filed
its praecipe for the dismissal of the case, and the clerk of
said court, pursuant thereto, entered an order dismissing
it.    Thereafter the defendant, relator, by his counsel,
filed a motion asking that an inquest be held to determine
defendant's damages, and for the entry of a judgment for
the defendant in said cause in accordance with the provis-
ions of Section 2189 of the General Statutes of Florida,
which motion upon a hearing before the Circuit Judge
was denied.

The command of the writ is as follows: "THESE ARE
THEREFORE TO COMMAND YOU, the said H. P.
Branning, Judge of the Circuit Court of the Eleventh
Judicial Circuit of the State of Florida, that you do
forthwith make and enter an order in the said
cause wherein the said Wyndwood Park Com-
pany, a Corporation, is Plaintiff and A. B. Crump,
doinb business as A. B. Crump Construction Com-
pany, is defendant, said suit being a cause in replevin, for
an inquest of damages against the plaintiff in said re-
plevin suit in favor of the said defendant therein, and
that you do further make and enter a final judgment for
the defendant against the plaintiff in the cause aforesaid,
and that in default of your so making and entering the
orders aforesaid that you be and appear before the Su-
preme Court of the State of Florida at the Supreme Court
building in the City of Tallahassee, Florida, on the
twenty-fourth day of October, A. D. 1917, at ten o'clock
A. M., and that you then and there show cause why you
have so failed to make and enter the orders aforesaid."

The respondent, by his counsel, has demurred to the
writ upon the following grounds:

"1.   It appears from the writ that substantial interests of third parties not before the court are involved.

"2.   It appears from the face of the writ that the purpose of the writ is merely to correct an alleged judicial error.

"3.   From the face of the writ it appears that Wyndwood Park Company, a corporation, was party plaintiff in the suit in which the ruling of the Circuit Judge is questioned, and the said Wyndwood Park Company is not a party to this proceeding.

"4.   It appears from the writ that the remedy sought in this proceeding is to cause the respondent to enter a different order from the one which he did enter in the case of Wyndwood Park Company against A. M. Crump.

"5.   The petitioner has another remedy.

"6.   The proper procedure for the petitioner would have been certiorari.

"7.   It is sought by the alternative writ to mandamus a Circuit Judge in the exercise of his judicial discretion.

"8.   The ruling complained of was lawful, right, and proper."

He has also filed a motion to quash the writ, the grounds of this motion being the same as the first three grounds stated in the demurrer.

The principal contention of respondent is that the purpose of this proceeding is to correct an alleged Judicial error, and the case of State *ex rel.* McKinnon v. Wolfe, 58 Fla. 523, 50 South. Rep 511, is relied on as decisive of the question contrary to the contention of relator. In that case it was held that mandamus will lie to compel a court to exercise its lawful jurisdiction where it refuses to do so, but will not lie to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error.

It is well settled that mandamus is the proper remedy to compel its exercise where a court refuses to exercise jurisdiction that it clearly possesses. State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771; State *ex rel.* Birmingham T. & S. Co. v. Reeves, 44 Fla. 179, 32 South. Rep. 814; State *ex rel.* Duke v. Wills, 49 Fla. 380, 38 South. Rep. 289.

The Circuit Judge respondent herein overruled the motion of the defendant, relator, and declined to proceed in the case in accordance with the provisions of Section 2189 General Statutes of Florida, "being of the opinion that the said cause was properly and legally dismissed by the clerk, and that the court has no jurisdiction to enter a judgment for the defendant," as appears from a copy of his order made a part of the alternative writ.

If the respondent was right in holding that the cause was properly and legally dismissed by the clerk and that he, therefore, as Circuit Judge, had no jurisdiction thereafter to grant the motion, and the relator has an adequate remedy by writ of error, the contention of the respondent is good; but, on the other hand, if the action of the clerk in entering the order dismissing the case was unauthorized and ineffectual to accomplish that purpose, and thereby deprive the defendant therein of the right to a judgment for his damages and costs in said action, and the defendant has no adequate remedy by writ of error, such contention cannot be upheld.

The statute upon which the relator predicates his claim is the first paragraph of Section 2189, General Statutes of Floirda, 1906, reading as follows: "When goods shall have been re-delivered to the defendant upon his forthcoming bond, and it shall appear upon the non-suit of the plaintiff, or upon trial or otherwise, that the defendant is

entitled to the goods, he shall have judgment against the plaintiff and the sureties upon his bond for his damages for the taking of such property and for his costs."

In his behalf it is said in substance that this statute confers upon a defendant in a replevin suit, where the goods replevied have been re-delivered to him upon his forthcoming bond, *the right* where it appears *upon the non-suit of the plaintiff, or upon trial or otherwise* "that the defendant is entitled to the goods," *to have judgment in such action* against the plaintiff and the sureties upon his bond for the damages and costs sustained by him because of the taking of such property, and that the plaintiff cannot by dismissing his suit deprive him, the defendant, of his right.

In an action of replevin both parties are regarded as equally actors, and where plaintiff in replevin has been put in possession of property under a writ of replevin he will not be permitted to escape liability to defendant by taking a non-suit, or dismissing his action without the consent of the defendant. 34 Cyc. 1504; Schroeder v. Kohlenback, 6 Abbotts' Prac. (N. Y.) 66; Smith v. Adams, 79 Ga. 802, 5 S. E. Rep. 242; Harwood v. Smethurst, 30 N. J. L. 230; Lamkin v. Rosenthal, 39 N. Y. Supp, 483, 5 App. Div. 532; Hall v. Smith, 10 Iowa 45; Manix v. Howard, 82 N. C. 125; Vose v. Muller, 48 Neb. 602, 67 N. W. Rep. 598. In the last cited case the Supreme Court of Nebraska said: "Doubtless, as a general rule, a plaintiff has the right, under said provision, to dismiss his own case before it has been submitted on the merits; but this rule does not obtain in actions of replevin. In such suits, after the delivery of the property to the plaintiff under the writ, as was done in the case before us, he cannot dismiss, and thereby defeat the defendant of his right to the possession of the property, without a trial."

In discussing the reason for this rule the Supreme Court of North Carolina in the case of Manix Adm'r. v. Howard, 82 N. C. 125, text 129, said: "Such a course of proceeding seems to be necessary, otherwise the plaintiff, under color of legal process, will perpetrate a fraud on the law and be allowed to keep property, the title to which was *prima facie* in the defendant from whom it was taken at the beginning of the suit. In all cases where issue is joined on pleadings filed, the defendant on the trial may have a verdict on the right, and fixing the value; or if plaintiff neglect or refuse to come to trial of the issue joined, the defendant may have judgment as of nonsuit for the property, with an assessment of value on a writ of inquiry, followed by a judgment in either case in the alternative, that is to say, for the property if to be had, and if not then for the value. And it is equally necessary, in all cases, whether issue be joined or not, in prevention of fraud, to provide, on plaintiff's motion to dismiss or discontinue, for a like judgment in the alternative."

This court in the case of Branch, Adm'r. v. Branch, 5 Fla. 447, in considering the effect of the statute which we have quoted in a case which was dismissed, upon motion, for want of sufficient affidavit and bond, said: "Now it does not appear by the non-suit of the plaintiff, or upon trial, that the defendant is entitled to a return of the goods; yet it does, we think, otherwise very clearly appear that he is thus entitled, viz: By the dismissal of the suit for want of a sufficient affidavit and bond, (if, indeed, it was for that cause properly dismissed,) a matter which, in the present aspect of the case, for the purpose of this motion, we are obliged to assume. This must be so, or the plaintiff, by putting in an insufficient affidavit and bond, might obtain possession of the property, accomplish

the object of his suit, and perhaps leave the defendant remediless, or if not entirely remediless, he would entail upon him a long and tedious litigation to obtain the pos· session of his property, of which he had been wrongfully dispossessed, through the instrumentality of the law, or the value thereof. If these views are correct, (and we believe them to be so,) then upon the dismissal of the cause, subsequent proceedings material to the cause, and the interest of the parties, could properly have been taken, unless by the appeal the case was removed beyond the jurisdiction of the Circuit Court, a question which we are not called upon to decide, and if we were, a decision of it would not affect the interest of the parties upon the present motion or under our statute in relation to appeals and writs of error to the Supreme Court."

In the case of Malsby v. Gamble, 61 Fla. 310, 54 South. Rep. 766, in which a non-suit was taken, after quoting this statute the court said: "It will be observed that this section expressly provides for the entry of judgment upon the non-suit of the plaintiff, as well as upon the trial which has resulted in a verdict against him, and the judgment is to be of like character in either case," and the judgment which was entered in the case was affirmed by this court.

The fact that the goods have been redelivered to the defendant does not render inapplicable the foregoing principles for the reason that such redelivery alone does not remunerate or repay him the amount of the damage sustained because of his having been deprived of the possession of such property and the expense incident to its recovery.

It is true that in the ordinary action at law a plaintiff may dismiss or discontinue his cause at any time (Rule

50, Rules of Circuit Court—Law Actions) that he may take a non-suit at any time before the jury retires from the bar (Section 1490 General Statutes of Florida), and that applications to vacate orders of dismissal entered by the clerk pursuant to a rule of the court are addressed to the sound judicial discretion of the trial court (Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351), but replevin is an extraordinary action and these rules therefore do not apply, and especially so because the statute expressly provides that the defendant in a case where the goods replevied have been redelivered to him shall have judgment against the plaintiff and the sureties on his bond, for the damages and costs, when it appears upon the non-suit of the plaintiff or upon trial or *otherwise* that the defendant is entitled to the possession of such goods.

In a case where a plaintiff declines to prosecute his action and files a motion asking that it be dismissed, it appears, within the meaning of the statute that the defendant is entitled to the posession of the goods replevied, and the plaintiff cannot by pursuing this course deprive the defendant of the right which the statute clearly gives him to have the question of his damages and costs passed upon in such action, and this court having held directly that a writ of error does not lie from an order dismissing a replevin suit (Branch, Adm'r. v. Branch, *supra*), it follows that it cannot be maintained that the relator has an adequate remedy by writ of error.

This court has held that "it is a mistake to suppose that *mandamus* is excluded or avoided by the mere fact that there is another remedy. The law is that there must be another specific and adequate remedy." State *ex rel.* Attorney General v. Johnson, 30 Fla. 433, 11 South. Rep. 845.

By declining to proceed with the case as the statute directs the respondent as Circuit Judge refused to exercise jurisdiction which he clearly possesses, and we have seen that in such a case mandamus will lie. Ex Parte Henderson, 6 Fla. 279; Anderson v. Brown, 6 Fla. 299; State *ex rel.* Attorney General v. Johnson, *supra;* State *ex rel.* Colcord v. Young, 31 Fla. 594, 12 South. Rep. 673; State *ex rel.* Matheson v. King, 32 Fla. 416, 13 South. Rep. 891; State *ex rel.* Sanchez v. Call, *supra;* State *ex rel.* Birmingham T. & S Co. v. Reeves, *supra;* State *ex rel.* Duke v. Wills, *supra.*

In the case of State *ex rel.* Duke v. Wills, *supra,* it appeared that an order had been made by the Circuit Judge dismissing an *appeal* from a municipal court to the Circuit Court on the ground that the Circuit Court had no jurisdiction to entertain the appeal because no writ of error had been issued therein. This court held that under the then existing statute the case was properly taken up for review by appeal, that a writ of error was not necessary to give the Circuit Court jurisdiction, and that the order of the Judge dismissing the appeal, on the ground that it had no jurisdiction of the cause, was in effect a refusal to exercise a jurisdiction given him by law for which mandamus was the proper remedy.

Respondent's contention on this branch of the case cannot be upheld.

It is also urged by the respondent that the plaintiff in the replevin suit is a necessary party in this proceeding, but as we have seen the object and purpose here is to require the respondent, as Circuit Judge, to proceed in the exercise of jurisdiction which he clearly possesses to hear and determine, as the applicable and controlling statute directs, the issues involved in a cause pending before him,

532        SUPREME COURT OF FLORIDA.

and in this view of the case it is clear, we think, that the plaintiff in the replevin suit is not a necessary or proper party in this cause.

It follows from what has been said that the demurrer to the alternative writ and the motion to quash the alterna-. tive writ must be and are hereby overruled.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J. concur.