STATE, *ex rel.* MARY HEAVELOW, a widow, v. H. B. FREDERICK, as Judge of the Circuit Court of Volusia County.

163 So. 885.
Opinion Filed November 4, 1935.

*M. S. McGregor,* for Relator;

*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for Respondent.

BUFORD, J.—This case is before us on demurrer to, and motion to quash, alternative writ of mandamus in a case of original jurisdiction here.

The proceedings were instituted to coerce the Honorable H. B. Frederick as Judge of the Circuit Court in and for Volusia County, Florida, "to forthwith make and enter an order in the cause pending in said Circuit Court, wherein Commercial Credit Company, Inc., a corporation, is plaintiff, and Mary Heavelow, a widow, is defendant, said suit being a cause in replevin, for an inquest of damages against the plaintiff in said replevin suit in favor of said defendant therein, and commanding the said Honorable H. B. Frederick, as Judge of the Circuit Court of Volusia County, Florida, that he do further make and enter a final judgment for the defendant against the plaintiff in the cause aforesaid."

The alternative writ alleges that Mary Heavelow was a widow and H. B. Frederick is the Circuit Judge in and for Volusia County, Florida, and was such Judge on the 24th day of July, 1935. Then it alleges:

"That on the 21st day of January, A. D. 1932, a replevin action was instituted in the Circuit Court in and for Volusia County, Florida, wherein COMMERCIAL CREDIT COMPANY,

Inc., was plaintiff, and MARY HEAVELOW, a widow, relator herein, was defendant; that the statutory affidavit and bond were filed upon which issued the writ of replevin, which was duly served by the sheriff by dispossessing the defendant, your relator herein, of the property described in the replevin writ; that the said property was held by the sheriff for the statutory period of three days and, the relator not posting forthcoming bond, the property was delivered by the sheriff, to the plaintiff in said action, COMMERCIAL CREDIT COMPANY, INC.

"Subsequently the plaintiff filed its declaration in replevin in the usual form, to which relator, as defendant, filed her pleas which were demurred to in part and moved to be stricken in part. This demurrer and motion to strike were filed on the 26th day of March, A. D. 1932, and there were no other pleadings of any nature filed and no progress had in the cause for more than three years. On March 29th, 1935, the relator moved the Court to dismiss the action for want of prosecution as provided by Chapter 14554, Laws of Florida, 1929, Section 4218 (1) Cumulative Supplement, C. G. L. 1927. The Court granted this motion and the cause was dismissed on the 29th day of March, A. D. 1935. A true and correct copy of said motion and order of dismissal are hereto attached as Exhibits 'A' and 'B,' respectively, and prayed to be taken and considered a part of this petition.

"That pursuant to the recital in the order of dismissal that the Clerk of the Circuit Court place the cause upon the trial docket of the next term of the Court, to allow the relator an inquest of her damages, the Clerk in preparing his docket of cases triable at the Summer Term, 1935, of the Court, placed said cause upon the docket of cases to be tried at said term as Case 5. That upon the sounding of

the docket at the opening of said term by the plaintiff, COMMERCIAL CREDIT COMPANY, INC., filed its motion to strike the cause from the docket, which motion was denied after hearing and argument thereon, and the case was set for trial by the Court for the 24th day of July, 1935."

Then it was alleged that on July 24th, 1935, the relator moved the Court to enter its Order as follows:

"It appearing to the satisfaction of the Court, by order of the Court, heretofore entered on the 29th day of March, A. D. 1935, dismissing this cause, that the defendant, MARY HEAVELOW, is entitled to the possession of the property described in the declaration, herein: said property being taken and detained by the plaintiff, COMMERCIAL CREDIT COMPANY, INC., under and by virtue of the Writ of Replevin in this cause;

"And it further appearing that UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, became and is surety upon plaintiff's replevin bond, posted in this cause.

"And it appearing that said order of dismissal allowed the defendant an inquest of her damages.

"WHEREUPON, it is ORDERED, CONSIDERED, and ADJUDGED that the defendant, Mary Heavelow, is entitled to the possession of the said property described as follows, to-wit:

"One 1931 Reo Victoria Automobile, Serial Number 25 N. 1247, Motor N 264 (changed to NS 13) Model 35.

"And it is further ORDERED, CONSIDERED and ADJUDGED that this cause be submitted to a jury duly empaneled to find and assess the value of said property and the damages sustained by defendant for the wrongful detention thereof, upon which findings, together with this order adjudging the right of possession to be in the defendant, the Court may make and enter final judgment herein against the plaintiff

for possession of the said property and against the plaintiff and its surety, UNITED STATES FIDELITY AND GUARANTY COMPANY, for the value of said property together with damages for its wrongful detention."

But, that the Judge refused to make such order.

Thereupon the relator moved the Court as follows:

"Comes now the defendant, Mary Heavelow, a widow, by her attorney, and moves the Court for an inquest of damages against the plaintiff, and moves the Court to make and enter a final judgment for the defendant against the plaintiff."

The Court denied and refused to allow the relator an inquest of damages.

The Court denied and refused to allow the relator an inquest of damages.

Exhibit "B" referred to in the alternative writ was as follows:

"IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA.

"COMMERCIAL CREDIT COMPANY, INC.,
a corporation organized and existing
under the laws of the State of Florida,
    "Plaintiff,

"v.

"MARY HEAVELOW, a widow,
    "Defendant.

"ORDER.

"This cause came on to be heard upon the motion of the defendant to dismiss this cause for want of prosecution and it appearing to the Court from the certificate of the Clerk of this Court that there has been no progress made in this cause or papers or pleadings of any nature whatsoever, filed

since the 26th day of March, A. D. 1932, upon consideration thereof, it is

"ORDERED, ADJUDGED, and DECREED that the said motion be and the same is hereby granted and that the said cause be and the same is hereby dismissed with prejudice at the cost of the plaintiff; it is further

"ORDERED, ADJUDGED and DECREED that the said cause be placed upon the docket of cases triable at the next term of this Court for the purpose of allowing defendant an inquest of damages whereby the said defendant may submit to the jury and have assessed such damages as defendant may prove to such jury have been by her sustained in this cause."

Now, the question to be determined by us is whether or not the Circuit Court should be mandamused to accord the relator an inquest of damages under the provisions of Section 3494 R. G. S., 5347 C. G. L., paragraph 2 of that section being paraphrased by language taken from paragraph 1 of the section would read: "When goods have not been redelivered to defendant and when it shall appear upon the non-suit of the plaintiff, or upon trial, or otherwise, that the defendant is entitled to the goods, judgment should be entered up against the plaintiff for possession of the property and costs, and against him and his sureties for the value thereof and costs in the same manner as provided in Section 5346, paragraph 2, for judgment in favor of the plaintiff."

Our statutes govern proceedings in replevin in this State and Section 3494 R. G. S., 5347 C. G. L., provide the only conditions under which the defendant in replevin may have judgment against the plaintiff.

In the case of Branch v. Branch, 5 Fla. 447, it was held:

"In an ordinary case a judgment dismissing a suit is a final judgment, but an action of replevin is an extraordinary remedy, and in such action a judgment dismissing the suit

is not final, and error cannot be assigned upon such an order until after final judgment."

And in that same case it was said:

"After the appeal was taken, the next step in the case, as appears by the record, was a judgment of the Court, in the following words, to-wit: 'It appearing to the satisfaction of the Court by the order heretofore entered, dismissing said cause, that the defendant is entitled to a return of six hundred and thirty-eight head of cattle, taken and detained by the plaintiff, under and by virtue of the writ of replevin in this cause, whereupon it is ordered, considered and adjudged by the Court that the plaintiff do return the said six hundred and thirty-eight head of cattle to the defendant; and it is further ordered, considered and adjudged that a writ of return and restitution thereof be and the same is hereby awarded to the defendant, and the defendant do recover his costs in this behalf expended, taxed, etc.' Here would seem to be an irregularity either of the Court or the Clerk who made up the record, for the matter should make a part of the *final judgment of the Court,* whenever a writ of return and restitution is awarded; but instead of that, it was immediately followed by the calling and empanelling of a jury to assess 'the damages the defendant had sustained by reason of the wrongful taking and detention of the stock of cattle, under and by virtue of the said writ of replevin,' who found that the defendant had sustained no damage by reason of the said taking and detention, which verdict was, on motion of the said defendant, set aside and annulled and a new assessment of damages was ordered. These are all the facts of the case which are deemed necessary to a decision upon this motion, and the question now presented for our consideration is, can this appeal be sustained? If it can, this motion should fail; otherwise, it must prevail;

and this raises the question whether the judgment of the Circuit Court dismissing the suit was or was not a final judgment. This Court has already ruled, in a late case at Tallahassee (Carroll v. Hawkins), that notwithstanding the provisions contained in the first section of the Act approved January 7th, 1853, Pamphlet Laws 1853, page 100, entitled 'an Act in addition and amendatory of the several Acts concerning writs of error and appeals to the Supreme Court,' which, amongst other things, enacts that the granting of a new trial may be assigned for error, that a writ of error cannot issue on such assignment until there has been a final judgment entered in the case, and the counsel who argued this case for the defendant, seemed to recognize the ruling as correct by contending (as he did with great zeal and energy) that this was a final judgment. We entertain a different view of it. 'A final judgment is one that puts an end to the suit.' Bouvier's Law Dict., title Judgments Final, page 550.

"A judgment is defined to be the sentence of the law pronounced by the Court upon the matter appearing from the previous proceedings in the suit. Har. Law Dict., title Judgment, page 255, 256. It is the conclusion that naturally and regularly follows from the premises of law, and fact. Jacob's Law Dict., title Judgment, page 551.

"The action of replevin (the defendant's counsel very properly said) is an extraordinary remedy given by the statute to establish the right of possession and to whomsoever the Court awards the possession, whether plaintiff or defendant, that is the *conclusion* of law, and it matters not whether that right of possession is established either by a trial upon the merits or by default of the plaintiff. Suppose we admit the premises, does the conclusion that this is a final judgment follow? It is precisely because this is an

extraordinary remedy that it does not; it will be readily admitted that in an ordinary case a judgment dismissing the suit is a final judgment, but the eleventh section of the Act of March 11th, 1845, the Act under which this suit was brought (Thompson's Digest, page 390, No. 4) declares that if it shall appear upon the non-suit of a plaintiff, or upon trial, or *otherwise,* that the defendant is entitled to a return of the goods, he shall have judgment therefor accordingly, with damages for the taking thereof by the replevin, with costs, with a writ of restitution thereupon accordingly, unless he shall elect to waive such return, as in the next section provided."

So, if the order dismissing the suit in the instant case was not a final judgment, then the cause is still pending until a final judgment shall have been entered.

There was no appeal, and could have been no appeal, from the order dismissing the cause and in that order the Court specifically retained jurisdiction by ordering, adjudging and decreeing "that the said cause be placed upon the docket of cases triable at the next term of this Court for the purpose of allowing defendant an inquest of damages whereby the said defendant may submit to the jury and have assessed such damages as defendant may prove to such jury have been by her sustained in this cause."

In Crump v. Branning, 74 Fla. 522, 77 Sou. 228, it was held:

"While mandamus will lie to compel a court to exercise its lawful jurisdiction where it refuses to do so, it cannot be maintained to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error."

It was also held:

"In an action of replevin, where the goods replevied have been redelivered to the defendant upon his forthcoming

bond, and the plaintiff declines to further prosecute his action and files a motion asking that it be dismissed, it appears within the meaning of the provisions of Section 2189, General Statutes of Florida, 1906, that the defendant is entitled to the goods and he is therefore entitled to an inquest or hearing in such action upon the question of 'his damages for the taking of such property and for his costs.' "

And in that opinion it was held:

"In the case of Malsby v. Gamble, 61 Fla. 310, 50 South. Rep. 766, in which a non-suit was taken, after quoting this statute the Court said: 'It will be observed that this section expressly provides for the entry of judgment upon the non-suit of the plaintiff, as well as upon the trial which has resulted in a verdict against him, and the judgment is to be of like character in either case,' and the judgment which was entered in the case was affirmed by this Court.

"The fact that the goods have been redelivered to the defendant does not render inapplicable the foregoing principles for the reason that such redelivery alone does not remunerate or repay him the amount of the damage sustained because of his having been deprived of the possession of such property and the expense incident to its recovery.

"It is true that in the ordinary action at law a plaintiff may dismiss or discontinue his cause at any time (Rule 50, Rules of Circuit Court—Law Actions) that he may take a non-suit at any time before the jury retires from the bar (Section 1490, General Statutes of Florida) and that applications to vacate orders of dismissal entered by the clerk pursuant to a rule of the Court are addressed to the sound judicial discretion of the trial Court (Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351), but replevin is an extraordinary action and these rules, therefore, do not apply, and especially so because the statute expressly provides that the

defendant in a case where the goods replevied have been redelivered to him shall have judgment against the plaintiff and the sureties on his bond, for the damages and costs, when it appears upon the non-suit of the plaintiff or upon trial or *otherwise* that the defendant is entitled to the possession of such goods.

"In a case where a plaintiff declines to prosecute his action and files a motion asking that it be dismissed, it appears, within the meaning of the statute that the defendant is entitled to the possession of the goods replevied, and the plaintiff cannot by pursuing this course deprive the defendant of the right which the statute clearly gives him to have the question of his damages and costs passed upon in such action, and this Court having held directly that a writ of error does not lie from an order dismissing a replevin suit (Branch Adm'r v. Branch, *supra*), it follows that it cannot be maintained that the relator has an adequate remedy by writ of error.

"This Court has held that 'It is a mistake to suppose that *mandamus* is excluded or avoided by the mere fact that there is another remedy. The law is that there must be another specific and adequate remedy.' State, *ex rel.* Attorney General, v. Johnson, 30 Fla. 433, 11 South. Rep. 845.

"By declining to proceed with the case as the statute directs the respondent as Circuit Judge refused to exercise jurisdiction which he clearly possesses, and we have seen that in such a case mandamus will lie. *Ex Parte* Henderson, 6 Fla. 279; Anderson v. Brown, 6 Fla. 299; State, *ex rel.* Attorney General, v. Johnson, *supra;* State, *ex rel.* Colcord, v. Young, 31 Fla. 594, 12 South. Rep. 673; State, *ex rel.* Matheson, v. King, 32 Fla. 416; 13 South. Rep. 891; State, *ex rel.* Sanchez, v. Call, *supra;* State, *ex rel.* Birmingham

T. & S. Co., v. Reeves, *supra;* State, *ex rel.* Duke, v. Wills, *supra.*"

Now, it would appear a logical conclusion that if, when the plaintiff declines to prosecute his action and files a motion asking that it be dismissed it is within the meaning of the statute that the defendant is entitled to the possession of the goods replevied and the plaintiff cannot by pursuing this course deprive defendant of the right which the statute clearly gives him to have the question of his damages and costs passed upon in such action, then the mere fact that the dismissal is on motion of defendant for want of prosecution by plaintiff will not effectuate a change of the rights of either of the parties and that under the latter condition the defendant must be adjudged to be entitled to the possession of the goods replevied and to have the question of his damages and costs passed upon in the replevin action.

For the reasons stated, the demurrer to the alternative writ is overruled and the motion to quash the alternative writ is denied unless the respondent shall file an answer or return herein within fifteen (15) days from the entry of this order, peremptory writ of mandamus will issue.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.