HOBSON, Justice.
This case is before us upon a motion to quash an alternative writ of mandamus which this court issued on October 23, 1958.
On March 10, 1957, Southern Trailer Distributing Co. instituted a replevin action to recover three Continental trailers from William O’Hara. The sheriff seized two of the trailers but could not find the third After waiting the prescribed statutory period, the property was delivered under bond to Southern. O’Hara plead not guilty but did not post a forthcoming bond. When the plaintiff failed to take any action in the case for more than a year, O’Hara, the defendant, secured a dismissal for want of prosecution, under the provisions of F.S. § 45.18, F.S.A. The court denied plaintiff’s motion for reinstatement on August 27, 1958. At this point the defendant filed a motion for a judgment and submitted a proposed final judgment. The motion was set for hearing on September 10, 1958. On said date defendant filed an affidavit setting forth the value of the property, that it was still in plaintiff’s possession, and claiming interest on said value at 6%.
The proposed final judgment required the court to find the value of the *762 property at $5464.00, the interest at $450.-78[1] and the defendant entitled to possession of the trailers. Said judgment then provided that (1) the defendant should have possession of the trailers; (2) the defendant should have his costs from the plaintiff; (3) the defendant should recover from the plaintiff and his sureties the sum of $5914.78 (the value of the property plus interest). The respondent judge denied the motion, refused to enter said judgment and defendant filed his petition for a writ of mandamus.
By virtue of § 78.19, F.S.A., which is ftiade applicable to the instant case under provisions of §§ 78.20 and 78.21, F.S.A., it is clear that when a replevin action is dismissed for want of plaintiff’s prosecution upon the defendant’s motion, the defendant is entitled to a judgment for the property and against the plaintiff and his sureties on their bond for the value of the property, except where the defendant’s interest in the property is based upon some special interest. In the latter case the judgment shall be only for the value of such special interest “duly established” and costs. In either event, the money judgment is to be satisfied at the election of the defendant by the recovery of the property or the amount adjudged against the plaintiff and his sureties.
Certainly the legislature did not intend to provide nor did it provide by our applicable statutes for an unjust enrichment of a plaintiff or a defendant in a re-plevin action by granting to either the right to a judgment for the full value of the property involved when the interest therein of the movant is less than entire. On the contrary it is the clear intent of our legislative enactments upon the subject that one entitled to a judgment for the value of the property replevied should be granted judgment only for the value of his interest in said property. If such interest is shown to be entire the judgment should be for the full value of the property but if such interest is “special” (e. g. in the nature of a lien upon or an equity in the property) the judgment should be for such “special interest” after it is “duly established” and for costs.
In the instant case the circuit judge properly denied relator’s motion for the court to fix the value of the property. The clear implication of State ex rel. Heavelow v. Frederick, 1935, 121 Fla. 494, 163 So. 885 and our statutes (§§ 78.19 and 78.21) is that said value, be it entire or “special,” should be fixed by a jury upon an inquiry.
The only real difference between the case of State ex rel. Heavelow v. Frederick and the instant suit is that in the former the defendant (relator in this court) sought the relief to which he was entitled under our statutes, to-wit, the impaneling of a jury to inquire into the value of the property,[2] while in this suit the defendant (relator here) sought relief to which he was not entitled, to-wit, the entry by the court of a judgment for the full value of the property as estimated by the defendant himself with no supporting evidence and no showing whether defendant’s interest in the property was entire or “special.”
*763 Since relator filed a motion for a judgment for the value of the property, rather than a motion for an inquest to determine the value of the interest of the relator in the property, we should, and do hereby grant the motion to quash the alternative writ of mandamus heretofore issued herein.
The alternative writ of mandamus heretofore issued is hereby quashed.
TERRELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.

. The alternative writ of mandamus incorrectly states the interest to be $540.-78. The correction of this typographical error is in accordance with the defendant’s affidavit of August 26, 1958.

. We did not decide in the State ex rel. Heavelow v. Frederick case, as is contended by relator herein, that Mrs. Heavelow was entitled to a judgment for the full value of the property, which was replevied, but only that her motion requesting'a jury be impaneled to inquire into the value of the property should have been granted. We assume, as we should, that in subsequent proceedings in that case the circuit judge properly interpreted the controlling statutes and charged the jury that it should determine the value of the property as a basis for its verdict which should be for the value of the interest of Mrs. Heavelow in said property whether her interest be entire, by virtue of a free and clear title, or “special” because of a lien upon or equity in the subject property.