RAMIREZ, J.
In consolidated appeals, defendant/counter-plaintiff Thomas Gordon Associates, Inc. appeals a partially vacated dismissal of both a replevin action and a counterclaim filed in that action for failure to prosecute (case number 3D99-3176). Plaintiff/counter-defendant Eastman Kodak Company also appeals an order entered on motion for rehearing of the dismissal for failure to prosecute, which order partially vacated the dismissal and designated defendant/counter-plaintiff Thomas Gordon Associates as the prevailing party for purposes of a cost award (case number 3D00-404). We affirm the order vacating the dismissal appealed under case number 3D00-404 insofar as it determined Thomas Gordon Associates as the prevailing party in this case.
In 1986, the parties entered into an agreement whereby Eastman Kodak would provide Thomas Gordon Associates with reprographic services, which included a Kodak Ektaprint Model 100F copier duplication. When Thomas Gordon Associates defaulted in its payments, Eastman Kodak instituted a breach of contract/replevin action on July 8, 1987. It filed the required bond, obtained a pre-judgment writ of re-plevin, and took possession of the equipment from Thomas Gordon Associates pursuant to Florida’s replevin statutes. See § 78.068, Fla.Stat. (1987). The initial complaint was subsequently amended to include a count for money damages'in addition to the original counts for repossession of the equipment.
Thomas Gordon Associates never sought return of the property in accordance with its statutory rights. See § 78.068(4), Fla. Stat. (1987) (allowing the release of the property upon posting 04 the amount due under the agreement). Neither did it seek to dissolve the writ by filing a motion as authorized by statute. See § 78.068(6), Fla.Stat. (1987). Instead, Thomas Gordon Associates embarked on protracted litigation by filing an answer, affirmative defenses, and a counterclaim, which, after several amendments, culminated in a sixty-page Verified Second Amended Counterclaim and Complaint. This counterclaim added new parties as counter-defendants and included claims for fraud and deceit, negligent misrepresentation, misleading advertising, conspiracy and wrongful re-plevin. The parties actively litigated the case through a 1991 unsuccessful mediation. No other filings appear in the record on appeal until October 6, 1999, when, *362 allegedly in response to a communication from the trial court made in an attempt at docket control, Eastman Kodak filed a motion to dismiss the cause for failure to prosecute. See Fla.R.Civ. P. 1.420(e).
At the hearing on the motion to dismiss, Thomas Gordon Associates conceded that, based on the lack of qualifying record activity for nearly eight years, the trial court was legally bound to dismiss the entire cause, including its counterclaim; however, Thomas Gordon Associates requested designation as “prevailing party” and reservation of jurisdiction for an award of fees, costs, and unspecified damages. The trial court granted the motion to dismiss, declined to designate a prevailing party, and ordered each side to bear its own costs.
After Thomas Gordon Associates filed a notice of appeal, it also filed several post-trial motions in the trial court. This Court relinquished jurisdiction to allow the trial court to consider Thomas Gordon Associates’ motions. On January 26, 2000, the trial court entered an order granting the motions for reconsideration. In that order, the trial court found that Thomas Gordon Associates was the prevailing party, that Eastman Kodak had violated the terms of its bond requiring it to prosecute the replevin action without delay, and vacated its prior order which had required each party to bear its own costs.[1] Eastman Kodak then filed an appeal from the January 26 order (case no. 3D00-404). Both cases were consolidated for consideration by this Court.[2]
Both sides vigorously litigated the claims and counterclaims, but then, for reasons known only to the parties, let the case lie essentially dormant for over eight years. After the 1991 mediation, neither party actively pursued any of the positions raised in either the relatively simple complaint or the extensive, factually complex counterclaim. The plaintiff Eastman Kodak arguably obtained some affirmative relief, albeit not on the merits, when it obtained the pre-judgment writ of replevin and repossessed the disputed equipment from Thomas Gordon Associates. There has never been, however, any ruling on the merits of Eastman Kodak’s claim to the property or the propriety of the pre-judgment seizure. Instead, the motion to dismiss for failure to prosecute was filed by the plaintiff, rather than the usual situation in which a motion to dismiss is filed by the defendant, and both parties agreed to the propriety of the dismissal. Thomas Gordon Associates did not raise any objections to the way the trial court originally handled the disposition of the case until it realized the result of its acquiescence in the dismissal — that its requests for costs and fees would also be dismissed.
1. Attorney’s Fees
The January 26, 2000 Order states that Thomas Gordon Associates is to be awarded costs and damages, but it also directs its attorney to submit time records to Eastman Kodak’s counsel. Apparently the trial court envisions awarding attorney’s fees to Thomas Gordon Associates under the rubric of “costs.” This was error. Section 78.20, Florida Statutes (1987), which authorizes the award of attorney’s fees, is inapplicable under the facts of this case because the subject property was not retained by Thomas Gordon Associates, nor redelivered to it on its forthcoming bond, nor upon the dissolution of the prejudgment writ. See Sag Har *363 hour Marine, Inc. v. Fickett, 484 So.2d 1250 (Fla. 1st DCA 1985) (holding that section 78.20 was inapplicable because the yacht had not been retained or redelivered to the defendants on a bond or the dissolution of a prejudgment writ). Section 78.21, which contains no authority for awarding attorney’s fees, is the only arguably relevant statute and it provides as follows:
When the property has not been retained by, or redelivered to, defendant and he or she prevails, judgment shall be entered against plaintiff for possession of the property and costs and against plaintiff for the value of the property and costs in the same manner as provided in s. 78.19 for judgment in favor of plaintiff.
Assuming Thomas Gordon Associates prevailed, this statute only provides for an award of costs and for the value of the property. Section 78.19 contains no reference to attorney’s fees. See also Main v. Miami Money Store, Inc., 655 So.2d 148, 149 (Fla. 3d DCA 1995) (affirming the denial of attorney’s fees under chapter 78. “Attorney’s fees are recoverable only if provided for by contract or by statute.”).
II. Prevailing Party
If this had been a simple replevin action, there is clear precedent that Thomas Gordon Associates was the prevailing party in the case. See Crump v. Branning, 74 Fla. 522, 77 So. 228 (1917); State ex rel. Heavelow v. Frederick, 121 Fla. 494, 163 So. 885 (1935); State ex rel. O’Hara v. Justice, 109 So.2d 761 (Fla.1959). All three cases involved goods replevied followed by inaction leading to dismissals for lack of prosecution. Furthermore, section 78.21 provides rather inartfully that when the defendant prevails, “judgment shall be entered against plaintiff for possession of the property and costs and against plaintiff for the value of the property and costs.” It seems to indicate that when a plaintiff takes away defendant’s property using the replevin statutes and then allows the case to languish, the defendant is the prevailing party. The Supreme Court, in Crump, supra, explained that:
where a plaintiff declines to prosecute his action and files a motion asking that it be dismissed, it appears, within the meaning of the statute, that the defendant is entitled to the possession of the goods replevied, and the plaintiff cannot, by pursuing this course, deprive the defendant of the right which the statute clearly gives him to have the question of his damages and costs passed upon in such action;
77 So. at 230.
Under the replevin statutes, in order to obtain a pre-judgment writ of replevin to obtain possession of disputed personal property such as the copy machines in this case, a replevin plaintiff is not required to prove the merits of the claim to the disputed property so long as an appropriate motion containing allegations supporting the need for pre-judgment seizure and bond is provided. See § 78.068(l)-(3). Specifically, section 78.068(3) requires a plaintiff to post a bond in an amount twice the value of property subject to the writ “as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.” Once the plaintiff obtains possession of the disputed property, the defendant is given statutory rights under which it may prove that the holding of the property pending trial on the replevin action is either legally or factually impermissible. Replevin defendants may obtain the return of property seized by way of prejudgment writ either by posting a substantial bond within five days of the seizure, section 78.068(4), or by filing a verified motion within ten days of the seizure requiring that the plaintiff prove the allegations of its motion for writ. See § 78.068(5), Florida Statutes (1987). Here, it is undisputed that Thomas Gordon *364 Associates never availed itself of these rights.
At first blush it seems unfair for a re-plevin defendant, as here, to fail to pursue its statutory remedies, allow the disputed property to stay with the plaintiff for over twelve years, do nothing for years to move its contentions of improper replevin or other wrongdoing forward, while the property deteriorates and becomes obsolete, and still argue that it has prevailed under section 78.21. On the other hand, a plaintiff who is given possession of property pursuant to rights conferred under replevin statutes has an obligation to pursue its case, as established in Crump v. Branning, State ex rel. Heavelow v. Frederick, and State ex rel. O’Hara v. Justice, supra. In fact, the replevin bond in this case expressly committed “to prosecute to effect and without delay.”
We conclude that where there is a dismissal for lack of prosecution of a re-plevin action, the defendant is the prevailing party, even where it has filed a counterclaim. Although we have stated that Thomas Gordon Associates may not recover attorney’s fees, the trial court correctly determined its status as the prevailing party. We thus affirm.

. The trial court referred to §§ 78.065-78.068, 78.20, and 78.21, Fla. Stat.

. We review this non-final order under Rule 9.130(3)(C)(iv), Fla.R.App. Proc., as an order determining the issue of liability in favor of a party seeking affirmative relief.