320 So.2d 415 (1975)
Charles A. GILL, Appellant,
v.
Dianne Doss SHIVELY, Appellee.
No. 74-1795.
District Court of Appeal of Florida, Fourth District.
October 17, 1975.
*416 Royce D. Pipkins of Rosenblum & Pipkins, Casselberry, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellant Charles A. Gill filed a verified complaint in replevin against appellee Dianne Doss Shively for the return of a diamond engagement ring, a painting, and a bicycle. From a final judgment dismissing his complaint with prejudice because "the court determined the plaintiff had no enforceable legal right to replevy the engagement gifts" this appeal was perfected.
The complaint in question alleged the following things. On April 19, 1974, appellant gave appellee a diamond engagement ring worth approximately $3620.42. Said ring was given to appellee in contemplation of and conditioned upon the consummation of a marriage between the parties. However, on May 2, 1974, appellee advised appellant that she would not marry him because she was not ready for marriage. In addition appellee without appellant's consent, removed from appellant's home a painting and a man's three-speed bicycle with a carry rack.
After an order to show cause was issued and served upon appellee a hearing was held pursuant to § 78.067, F.S. 1973, which resulted in the judgment appealed from.
If the complaint stated a good cause of action it would appear that dismissal of the complaint after the hearing held pursuant to § 78.067, F.S. 1973, was premature as the purpose of that preliminary hearing was to determine who should have possession of the property in question pending final hearing. The statute provides that at such hearing (if the defendant has not waived his right to be heard on the order to show cause in accordance with § 78.075) the court shall determine which of the parties "is entitled to the possession of the claimed property pending final adjudication of the claims of the parties." § 78.067(2), F.S. 1973. (Emphasis added.)
It appears that a suit to recover an engagement ring by a disappointed donor is one of first impression in Florida. However, the decided weight of authority in other jurisdictions allows recovery by the donor if the engagement is terminated by the donee or by mutual consent of the parties. The rationale of those cases is that such presents are not absolute but are made upon the implied condition that a marriage ensue. 38 C.J.S. Gifts § 61b; See Anno: Courtship Presents  Right to Recover, 46 ALR 3d 578. The point was interestingly made by Justice Musmanno in Pavlicic v. Vogtsberger, 390 Pa. 502, 136 A.2d 127 (1957):
"A gift given by a man to a woman on condition that she embark on the sea of matrimony with him is no different from a gift based on the condition that the donee sail on any other sea. If, after receiving the provisional gift, the donee refuses to leave the harbor,  if the *417 anchor of contractual performance sticks in the sands of irresolution and procrastination  the gift must be restored to the donor. A fortiori would this be true when the donee not only refuses to sail with the donor, but, on the contrary, walks up the gangplank of another ship arm in arm with the donor's rival." 136 A.2d at 130.
We note that some jurisdictions have held their "Heart Balm" statutes, similar to § 771.01, F.S. 1973, preclude actions of any type arising out of a breach of contract to marry, while others hold that such remedial legislation only bars actions for damages for alienation of affections, criminal conversation, seduction, or breach of contract to marry, and does not affect the rights of parties relative to gifts passing between them. It is our view that the latter interpretation of those statutes is the most consistent with their announced purpose. Pavlicic v. Vogtsberger, supra; Norman v. Burks, 93 Cal. App.2d 687, 209 P.2d 815 (1949). Cf. Comment, 3 U. of Fla.L.R., 377. Accordingly, we hold that appellant's complaint stated a cause of action for return of the described engagement ring.
As to the other personal property we note that there is also a division of authority on a donor's right to recover gifts (other than engagement rings) made in contemplation of marriage. However, we need not announce our views on that question because the complaint in this case does not allege that the painting and the bicycle were gifts; it alleges that appellee took said property from appellant's home without his consent. Thus, as to that property the complaint also states a good cause of action.
In view of the foregoing circumstances, the judgment dismissing appellant's complaint with prejudice is reversed and the cause is remanded for further proceedings.
Reversed.
WALDEN, C.J., and OWEN, J., concur.