PARKER, Judge.
Leon and Marion Myers, Ernest and Muriel Marshall, Edward and Eleanor Pryze, Mary Potter, and Elizabeth Asel (residents) appeal final judgments entered against them in actions brought to enforce a settlement purportedly made concerning a dispute about the duration' of an assessment. The residents argue on appeal that the trial court erred as a matter of law by granting motions for judgment on the pleadings where numerous factual issues remained and further argue that the trial court abused its discretion in denying their motions to add a counterclaim. We agree with the residents on all issues and reverse the final judgments.
Mary Miller and Paula Kavanaugh, as trustees of the William Cantwell Miller Trust, the mobile home park owners where the residents are tenants, assessed a charge against the residents for water and sewer connection and hook up to the county system. A dispute arose over the amount, duration, and lawfulness of the assessment which the park owners had initiated in 1979. The residents of the park were preparing to file suit against the park owners. The park owners allege that the attorneys for both sides reached an oral agreement to avoid litigation over the assessment issue. The park owners contend that the agreement provided that the residents would pay one final payment of the assessment in full satisfaction of the assessment and that the residents would relinquish all claims against the park owners relative to the ten-year assessments and execute a general release as part of the accord. The residents deny that such an agreement existed, and they did not sign the general release.
The park owners filed actions for declaratory and injunctive relief.[1] Their complaints alleged that the final checks for the assessments to the park owners from the residents contained notations which indicated that these payments were made pursuant to the settlement agreement.[2] The residents filed answers and affirmative defenses, denying that a settlement ever existed, asserting that the checks were not intended to be a compromise of the dispute, and alleging that the agreement was void and unenforceable for lack of consideration. Thereafter, the residents sought to amend their answers and to file a counterclaim for declaratory relief to determine whether the assessment was a valid, lawful assessment. The trial court granted the motions to amend the answer but denied the residents’ motions to add a counterclaim.
Following a hearing upon the park owners’ motions for judgment on the pleadings, the trial court granted the motions and entered final judgments for the park owners and against each of the residents. The residents seek review of the final judgments and the rulings which prohibited the filing of the counterclaims.
ACCORD AND SATISFACTION
The issue of whether parties have reached an accord and satisfaction is generally a question of fact. Canny v. Michael Saunders & Co., 543 So.2d 433 (Fla. 2d DCA 1989). In this case, it cannot be said as a matter of law, based on the pleadings, that the parties entered into an accord and satisfaction. The residents’ answers denied that there was a settlement and further denied that they paid the checks in settlement of the dispute. The trial judge appears to have found that the notations on the checks could infer only that those payments were made in settlement of the dispute. Such is not a fair inference. The checks do not state that they were being paid in settlement of any dispute but merely state that they were the final payment of the assessment. It is a fair inference from the pleadings that the residents paid only the amount they claimed was due. Accordingly, we conclude the trial judge erred in finding as a matter of law, based *906 on the pleadings, that the parties reached an accord and satisfaction.
MOTIONS TO ADD COUNTERCLAIM
The following dates are relevant for the consideration of the issue of the propriety of the rulings which prohibited the residents from adding a counterclaim:
4/10/89 — complaints filed;
5/19/89 — first amended complaints filed;
6/02/89 — answers and affirmative defenses filed;
6/18/89 — responses to affirmative defenses filed;
6/19/89 — motions for leave to file first amended answer and motions to file counterclaim filed.
Florida Rule of Civil Procedure 1.190(a) provides: “A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served.” The park owners’ response to affirmative defenses was not a pleading in that it was not a reply because it did not seek to avoid an affirmative defense. The park owners, therefore, filed no responsive pleading, and the residents sought to amend their answers to include a counterclaim within the twenty-day time period. Thus, the trial judge abused his discretion in forbidding the filing of the counterclaims.
Even without relying on rule 1.190, we conclude it still was an abuse of discretion for the trial court to prohibit the filing of the counterclaim in that the park owners filed these actions only two months prior to the residents’ attempt to amend and the matter had been at issue for only seventeen days. Further, the residents filed their motions to amend prior to the filing of the motions for judgment on the pleadings. Also, the counterclaims were based on the same legal theory as one of the affirmative defenses. Cf. Sarasota Commercial Refrigeration & Air Conditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980) (leave to amend a complaint should be given liberally when amendment is based on same occurrence upon which original claim was brought). The trial court, under these circumstances, should have granted the motions. See Earp & Shriver, Inc. v. Earp, 466 So.2d 1225 (Fla. 2d DCA 1985) (motion to amend answer should be granted liberally to achieve justice).
Based on the foregoing, we reverse the final judgments and remand with directions to the trial court to permit the residents to file their counterclaims and for further proceedings consistent with this opinion.
Reversed and remanded with directions.
RYDER, A.C.J., and THREADGILL, J., concur.

. The park owners filed five separate actions in the trial court. We have consolidated the appeals which have arisen from these five lawsuits.

. Those notations were: "Final Assessment”; "Sewer paid in full”; "Lot 49 Final Payment "March 1989 from August 1989, pd. in full”; "10 yr. sewer assessment in full.”