763 So.2d 502 (2000)
TRACES FASHION GROUP, INC., d/b/a Erika, Ltd., Denise Marie and Arturo A. Dopazo, individually and Hilda I. Dopazo, individually, Appellants,
v.
C & C MANAGEMENT, INC., d/b/a American Factor, Appellee.
No. 3D99-1836.
District Court of Appeal of Florida, Third District.
July 19, 2000.
Catlin, Saxon, Tuttle & Evans and William M. Tuttle, II, Miami, for appellants.
Shelowitz & Shelowitz and Andrea Shelowitz (Ft.Lauderdale); Jeffrey J. Needle (Ft.Lauderdale), for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
FLETCHER, Judge.
Traces Fashion Group, Inc., d/b/a Erika, Ltd. and Denise Marie, and Arturo A. Dopazo and Hilda I. Dopazo, individually [defendants] appeal a final summary judgment as to possession entered against them and in favor of C & C Management, Inc., d/b/a American Factor [plaintiff]. We reverse the judgment and remand for further proceedings.
Plaintiff sued defendants for replevin, breach of contract and unjust enrichment/quantum meruit after their business relationship soured. In the replevin count, plaintiff described certain property in defendants' possession in which it claimed to have a perfected security interest. Plaintiff *503 further alleged that the claimed property was in danger of concealment, waste or removal from the state, and requested the issuance of a writ of replevin without notice to defendants. The ex parte writ was issued and the property was transferred to plaintiff. After unsuccessfully moving to dissolve the writ, defendants filed an answer, affirmative defenses and counterclaim, including a demand for jury trial.
The procedure utilized for issuance of the prejudgment writ of replevin properly followed the provisions of Section 78.068, Florida Statutes (1997) and served to determine plaintiff's right to possession of the subject property pending trial. See 12 Fla. Jur.2d Conversion and Replevin § 35 (1998) ("The prejudgment writ of replevin... is a summary procedure for the limited purpose of obtaining possession of property on an ex parte application to the court to secure it against the danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action."). It did not, however, finally adjudicate the claims between the parties as there remained pending for trial the ordinary replevin, breach of contract and unjust enrichment/quantum meruit claims, as well as the defendants' affirmative defenses and counterclaim. See McMurrain v. Fason, 584 So.2d 1027 (Fla. 1st DCA 1991) ("If the complaint contains counts for ordinary replevin and other causes of action... those claims obviously remain pending for trial."). In the instant case, however, upon plaintiff's motion and without a trial, the trial court entered the order appealed from, summarily finding in favor of plaintiff and awarding damages. This was clearly error.
Contrary to plaintiff's reasoning, Section 78.18, Florida Statutes (1997) does not support entry of judgment without a trial. Section 78.18 states that plaintiff is entitled to judgment for damages caused by defendants' unlawful detention of the property, but does not indicate when such judgment is to be entered. In fact, Chapter 78 makes no provision for the procedure to be used in adjudicating the ordinary replevin action. We must assume, therefore, that the Florida Rules of Civil Procedure apply. Fla. R. Civ. P. 1.010 cmt. (1967) ("To the extent that statutes dealing specifically with a particular civil action or proceeding do not set out a specific rule for a particular phase of practice or procedure, such phase would appear to be governed by these rules."). Under Florida Rule of Civil Procedure 1.510(c), plaintiff's motion for summary judgment should have been served at least 20 days before the hearing (instead of the 10 days allowed herein). More importantly, the record shows the existence of genuine issues of material fact which preclude entry of summary judgment.
For these reasons, we reverse and remand for further proceedings consistent with this opinion.