BROWNING, J.
Appellant appeals entry of a final judgment in a declaratory judgment action entered pursuant to a notice of hearing providing in pertinent part that Appellee “will call up for hearing its complaint for declaratory judgment in accordance with § 86.111, Fla. Stat.” As grounds for reversal, Appellant argues the trial court erred by entering judgment because the notice of hearing did not give Appellant adequate notice that a final hearing would be held and violated the rules of civil procedure and due process, Appellant was denied its requested right to a jury trial, and no evidence was adduced that supports entry of final judgment. Because the notice given Appellant was insufficient under Florida Rule of Civil Procedure 1.440(e) and violated due process, we reverse. As our determination on notice is dispositive and further action by the trial court on the merits of this case is required, we do not address Appellant’s remaining grounds for reversal.
Section 86.111, Florida Statutes (1999), provides, inter alia, that “[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.” Id. The sole reasonable import of Appellee’s notice of hearing was that the court would be considering the *315 cause for the setting of an expedited trial date for final hearing. By entering final judgment without considering evidence in support of the parties’ pleadings and without properly setting the matter for final hearing under Rule 1.440(c), the trial court erred, and entry of final judgment was improper. See Heritage Casket and Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983) (trial court’s failure to comply with the notice requirements of Florida Rule of Civil Procedure 1.440(c) constitutes a violation of due process); see also Bush v. Holmes, 767 So.2d 668 (Fla. 1st DCA 2000) (reversal required where trial court fails to set matter for trial through strict compliance with rule 1.440); Bennett v. Continental Chems. Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986) (en banc) (“strict compliance with rule 1.440 is mandatory”). Accordingly, we reverse and remand for proceedings consistent with this opinion.
WOLF and VAN NORTWICK, JJ„ CONCUR.