840 So.2d 1147 (2003)
JB INTERNATIONAL, INC., Appellant,
v.
MEGA FLIGHT, INC., et al., Appellee.
No. 5D02-844.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
*1148 Ronald W. Sikes of Moran & Shams, P. A., Orlando, for Appellant.
Martin A. Pedata, Deland, for Appellee.
ORFINGER, J.
JB International, Inc.[1] (JBI) instituted a replevin action against Mega Flight, Inc. and Ronald Rosenberg (collectively "Mega Flight"), seeking to obtain possession of an airplane and two engines. An order to show cause, subsequently amended, was issued by the court, whereupon the parties filed extensive affidavits. Following a hearing on the amended order to show cause, the trial court issued the writ, finding that JBI was entitled to possession of the property pending final adjudication of the claims of the parties. As required by the writ, Mega Flight returned the property to JBI. Subsequently, the matter lay dormant for a year, and Mega Flight moved to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). After a hearing, the trial court dismissed the action and ordered JBI to return the property to Mega Flight. While JBI concedes that dismissal of the replevin action was proper, it contends that the court erred in ordering it to return the property to Mega Flight. We disagree and affirm.
The replevin statute[2] provides two procedurally and substantively distinct approaches to replevin actions: the "ordinary writ of replevin" and the "prejudgment writ of replevin." In McMurrain v. Fason, 584 So.2d 1027, 1030-31 (Fla. 1st DCA 1991), the court explained the differences thusly:
[I]t is imperative to identify the essential differences between an ordinary replevin *1149 action to obtain possession of property upon final judgment and the remedy afforded by a prejudgment writ of replevin to obtain possession of property ex parte to be held for security purposes pending trial. Chapter 78, Florida Statutes (1989), is somewhat confusing because the sections dealing with both concepts are intermingled throughout the chapter. Nevertheless, a careful reading of these provisions demonstrates the following basic distinctions between the two concepts. The ordinary action for replevin provides for the recovery of personal property wrongfully detained by another, together with damages sustained by the wrongful taking or detention. § 78.01, Fla. Stat. (1989); see generally 12 Fla. Jur.2d Conversion and Replevin §§ 30-73 (1979). This action provides an avenue of relief for obtaining possession of the personal property after a trial on the merits and the entry of final judgment. Thus, all due process requirements affecting the right to notice and hearing of the plaintiff's claimed right to possession are satisfied by the notice and holding of a trial on the merits leading to the entry of judgment.
The prejudgment writ of replevin, on the other hand, is a summary procedure for the limited purpose of obtaining possession of property on an ex parte application to the court to secure it against "danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action." § 78.068(2), Fla. Stat. (1989). The defendant's right to an immediate hearing given by the statute is essential to satisfy the constitutional due process requirements that a person cannot be deprived of his property without reasonable notice and opportunity to put the plaintiff to proof of his claim of right to immediate possession. § 78.068(6), Fla. Stat. (1989). This is made abundantly clear by a quick review of the United States Supreme Court's decisions in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Mitchell v. W.T. Grant, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
Here, JBI sought an ordinary writ of replevin pursuant to section 78.067(2), Florida Statutes (1998), which provides:
If the court finds that the defendant has not waived the right to be heard on the order to show cause in accordance with s. 78.075, the court shall at the hearing on the order to show cause consider the affidavits and other showings made by the parties appearing and make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties. This determination shall be based on a finding as to the probable validity of the underlying claim alleged against the defendant. If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin. However, the order shall be stayed pending final adjudication of the claims of the parties if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property.
(emphasis added).
As the statute sets forth, the trial court's initial determination regarding possession of the property based on a finding that the moving party's claim has "probable validity" is preliminary to a final adjudication of the claims of the parties. Despite *1150 this clear language in the statute, JBI asks us to conclude that the issuance of the writ following the show cause hearing was a final determination of the rights of the parties. We decline to do so. While the trial court may have considered the merits of JBI's claim insofar as necessary to a preliminary determination of whether or not the writ should have been granted, the trial court's ruling has no bearing on the rights of the parties when the matter is tried on the merits, nor does it bind the court at the final hearing or preclude a subsequent final adjudication dissolving the writ and ordering the return of the property.[3]
The trial court's prejudgment ruling only determined the right of possession during the pendency of the litigation, nothing more. See, e.g., Kalman v. World Omni Financial Corp., 651 So.2d 1249, 1252 (Fla. 2d DCA 1995) (dissolution of prejudgment writ of replevin is not the final determination of ownership and has no effect other than to determine the right to possession of property pending the final adjudication on the merits); Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88, 89 (Fla. 1st DCA 1981) (same). Cf. Ladner v. Plaza Del Prado Condo. Ass'n, Inc., 423 So.2d 927 (Fla. 3d DCA 1982) (findings of fact and legal conclusions arrived at by the court in determining whether a party is entitled to a preliminary injunction are not binding at the trial on the merits).
A plaintiff has an obligation to pursue its case to final judgment. See Crump v. Branning, 74 Fla. 522, 77 So. 228 (1917). A dismissal for failure to prosecute is not an adjudication on the merits. Zukor v. Hill, 84 So.2d 554, 556 (Fla.1956). We conclude that a preliminary determination regarding the "probable validity" of the plaintiff's claim to the subject property is also not an adjudication on the merits. When an action is dismissed without a final adjudication on the merits, the parties are left as if the suit had never been filed. Epstein v. Ferst, 35 Fla. 498, 509, 17 So. 414, 415 (1895); 1 Fla. Jur.2d Actions § 220 (2003). Prior rulings in a dismissed case have no preclusive effect. See Winchester Homes, Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053, 1058 (4th Cir. 1994); 24 Am Jur.2d Dismissal § 91 (2002). Here, the only way the trial court could restore the parties to their former positions was to order the property returned.[4]
We find no merit in the other issues raised by JBI. Accordingly, we affirm the court's order requiring the return of the property to Mega Flight.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] Documents in the record reflect that the appellant's actual name is JBI International, Inc. However, the case caption used in the trial court and the parties' briefs refer to the appellant as JB International, Inc.
[2] §§ 78.01-.21, Fla. Stat. (1998).
[3] In many ways, the dissolution of the writ of replevin is similar in effect to the dissolution of a temporary injunction. When a temporary injunction is dissolved, the parties are restored to the same position in which they were prior to the granting of the injunction. See 43A CJS Injunctions § 278 (2002).
[4] Florida courts have long held where there is a dismissal for lack of prosecution of a prejudgment writ of replevin action, the defendant is the prevailing party and is entitled to have the property returned. State ex rel. Heavelow v. Frederick, 121 Fla. 494, 163 So. 885 (1935); Eastman Kodak Co. v. Thomas Gordon & Assoc's., Inc., 789 So.2d 360 (Fla. 3d DCA 2001). While those cases dealt with prejudgment writs, we find no good reason to reach a different conclusion simply because JBI sought an ordinary writ of replevin.