872 So.2d 290 (2004)
William C. BROWN, Appellant,
v.
Raymond REYNOLDS and Frank Reynolds, Appellees.
No. 2D02-5401.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*292 William C. Brown, pro se.
Frank Reynolds, pro se.
No appearance for Appellee Raymond Reynolds.
WALLACE, Judge.
William C. Brown filed an action for replevin against Raymond Reynolds (Raymond) and Frank Reynolds (Frank) seeking to recover the possession of personal property located in Pinellas County, Florida. After a hearing on Brown's motion for the issuance of a writ of replevin prior to the entry of final judgment pursuant to sections 78.065 and 78.067, Florida Statutes (1997), the circuit court found that Brown had abandoned the property that was the subject of the replevin action and dismissed the case. Because the purpose of the hearing was limited to a determination of which party was entitled to the possession of the claimed property pending a final hearing on the merits, the circuit court erred in making a final adjudication of the claims of the parties at the hearing. Accordingly, we reverse the order of dismissal and remand the case for further proceedings.

Facts and Procedural History
Brown's complaint for replevin sought to recover possession from Raymond and Frank of personal property listed on a schedule attached to the complaint, including household furniture and furnishings, appliances, clothing, jewelry, toys and games, tools, sporting equipment, three dirt bikes, and a 1987 Nissan Pulsar automobile. Brown estimated the total value of the personal property claimed at $60,000. Beginning April 1, 1997, Brown had leased from Raymond for a term of eight months a furnished residence located in Madeira Beach, Pinellas County, Florida. On or about July 1, 1997, Brown, accompanied by his girlfriend and his three sons, had traveled from Madeira Beach to Texas. On their return trip to Florida, Brown was arrested in Pensacola on July 16, 1997. Brown has apparently been incarcerated continuously since his arrest. He was an inmate of the state prison system during the pendency of the proceedings in the circuit court. Brown alleged that after his arrest and incarceration, Raymond and Frank had refused a demand to permit Brown's agents to remove his personal property from the residence *293 in Madeira Beach and wrongfully detained the property from him.
Raymond and Frank are brothers. Raymond, the owner of an interest in the residence, appears to reside for all or a substantial portion of the year in Minnesota. Insofar as the record reveals, Raymond was never served with process, and he did not file an appearance in the proceedings in the circuit court. Frank resides in Madeira Beach, and he became involved with the residence owned by Raymond following Brown's failure to return to the property subsequent to his arrest in Pensacola.
Frank was served with process, and he filed a response to the replevin complaint in the form of a letter addressed to the clerk of the circuit court.[1] Frank alleged that Brown had abandoned the premises. Frank alleged further that he was called to the residence on July 21, 1997. Two women were there with a large U-Haul truck. A Pinellas County sheriff's deputy was also present. (In a subsequent letter to the court, Frank said that one of the two women identified herself as Brown's girlfriend.) Frank told the two women "to take everything" so that he could clean the house and arrange to have it re-rented. According to Frank, the two women "left nothing of value." He alleged that the sheriff's department removed the 1987 Nissan that had been left in the driveway. Frank also alleged that Brown had abandoned the premises, leaving a "trashy, filthy, dirty mess."
Frank conceded that he had stored the three dirt bikes that had been left in the garage. After waiting twenty-nine months, he sold them for parts. Frank also filed an affidavit made by Gary L. Reynolds, Raymond's son. In his affidavit, Gary said he had removed twenty to thirty shirts and T-shirts that had been left in the master bedroom closet at the residence. Some of the shirts were given to a family member; the rest were donated to a charity.
After receiving Frank's response, Brown filed a motion for leave to amend his complaint and a proposed amended complaint for damages. In the proposed amended complaint, Brown alleged that Raymond and Frank had "in bad faith unlawfully retained, destroyed, disposed, concealed, or otherwise plaintiff's property as listed in the motion for writ of replevin [sic]." In his proposed amended complaint, Brown sought damages of $60,000 against Raymond and Frank.
On March 11, 2002, Brown filed a motion pursuant to sections 78.065 and 78.067 requesting the entry of a writ of replevin prior to the entry of final judgment. On July 11, 2002, the circuit court sent Brown, Raymond, and Frank a notice of hearing scheduling a thirty-minute hearing for August 21, 2002, on "Plaintiff's Motion for Hearing and/or Show Cause Order." By a separate order, the circuit court made arrangements for Brown to appear at the hearing by telephone. As authorized by section 78.067(2), both Brown and Frank filed affidavits and "other showings" for the consideration of the court at the hearing.
Apparently, the hearing held on August 21, 2002, was not reported by a court reporter. After the date of the hearing, but before the written order of dismissal was entered, Brown filed a motion for rehearing and again requested leave to amend his complaint. On September 18, 2002, the circuit court entered an order finding that Brown had "abandoned the personal property that is the subject matter of this cause." In its order, the circuit *294 court dismissed Brown's replevin action, denied the motion for rehearing, and denied the request for leave to amend. This appeal followed.

Replevin
Section 78.01 provides in pertinent part:
Any person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention as herein provided.
The essence of an action of replevin is the "unlawful detention of personal property from plaintiff at the commencement of the action, regardless of whether defendant acquired possession rightfully or wrongfully." Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1161 n. 5 (Fla. 3d DCA 1984) (quoting Pavlis v. Atlas-Imperial Diesel Engine Co., 121 Fla. 185, 163 So. 515, 516 (1935)). Replevin is a recognized remedy when a landlord unlawfully withholds possession of the tenant's personal property. Seymour v. Adams, 638 So.2d 1044, 1049 (Fla. 5th DCA 1994). Therefore, assuming the truth of the allegations of Brown's complaint, he pursued an appropriate remedy in the circuit court.
An action for replevin is a civil action, and the Florida Rules of Civil Procedure apply. See Fla. R. Civ. P. 1.010; Traces Fashion Group, Inc., v. C & C Mgmt., Inc., 763 So.2d 502, 503 (Fla. 3d DCA 2000); Weigh Less for Life, Inc., v. Barnett Bank of Orange Park, 399 So.2d 88, 90 (Fla. 1st DCA 1981). At the conclusion of an action for replevin where the defendant has retained possession of the property during the pendency of the litigation, a plaintiff who prevails on the merits is entitled to a final judgment for the recovery of the property or its value, or the value of the plaintiff's lien or special interest. § 78.19; see Fla. R. Civ. P. Form 1.995(b). The plaintiff who prevails is also entitled to damages sustained as a result of the wrongful taking or detention. See § 78.01; McMurrain v. Fason, 584 So.2d 1027,1030 (Fla. 1st DCA 1991).
However, a plaintiff in a replevin action may elect to seek a writ of replevin prior to the entry of final judgment in order to obtain possession of the property during the pendency of the replevin action and until the parties' claims are finally adjudicated. Chapter 78 of the Florida Statutes provides two separate and distinct methods of obtaining a writ of replevin prior to the entry of final judgment in the replevin action. Pursuant to sections 78.065 and 78.067, and in the absence of an effective waiver, the defendant must be given notice and a show cause hearing held before the writ of replevin may issue prior to the entry of final judgment. Pursuant to section 78.068, the prejudgment writ may issue without notice and a hearing, but the plaintiff must post a bond. See Prestige Rent-A-Car, Inc. v. Advantage Car Rental & Sales, Inc. (ACRS), 656 So.2d 541, 545 (Fla. 5th DCA 1995); Comcoa, Inc. v. Coe, 587 So.2d 474, 476-77 (Fla. 3d DCA 1991). In a case where the plaintiff has recovered possession of the property prior to the entry of final judgment, the plaintiff who prevails on the merits is entitled to a final judgment declaring the plaintiff's right to retain possession of the property plus damages sustained as a result of the wrongful taking or detention. § 78.18; see Fla. R. Civ. P. Form 1.995(a); HEG, Inc. v. Bay Bank & Trust Co., 591 So.2d 1011 (Fla. 1st DCA 1991).[2]

*295 The Hearing in this Case

In this case, Brown filed a "Motion for Hearing and/or Show Cause Order" and invoked sections 78.065 and 78.067, which provided for issuance of a writ of replevin prior to the entry of final judgment but after notice and a hearing. Brown asserted in his motion that Frank had procedurally defaulted and that an order to show cause should issue. Brown's motion reflects confusion about the operation of sections 78.065 and 78.067. On the one hand, Brown asked the circuit court to enter an order to show cause, which necessarily must precede a hearing on an order to show cause. On the other hand, Brown requested "a hearing on the order to show cause" as if such an order had already been entered. Nevertheless, because Brown specifically referenced an "order to show cause" as provided for in sections 78.065 and 78.067, Brown's motion cannot be construed as a request by him for a final adjudication on the merits of his claim. As framed by Brown's motion, the scope of the hearing he requested was limited to whether a show cause order should issue or whether Brown was entitled to a writ of replevin prior to final judgment pursuant to the procedure he had invoked. The notice of hearing, which was prepared by the circuit court, was similarly limited in scope. It simply said that the court "will call up for hearing the Plaintiff's Motion for Hearing and/or Show Cause Order." That both parties understood the limited purpose of the hearing is suggested by their filing of affidavits and "other showings" for the consideration of the court as specifically authorized by section 78.067(2).
Brown has not furnished us with either a transcript of the hearing or a statement of the evidence or proceedings as provided for in Florida Rule of Appellate Procedure 9.200(b)(4). After the hearing was concluded, the circuit court entered an order finding that Brown had abandoned the personal property at issue and dismissing the action. A finding of abandonment would defeat Brown's claim of a right to immediate possession of the property. At common law, abandoned property was defined as "that to which the owner has voluntarily relinquished all right, title, claim and possession, with the intention of terminating his ownership, but without vesting ownership in any other person, and with the intention of not reclaiming any future rights therein." State v. Green, 456 So.2d 1309, 1311 (Fla. 3d DCA 1984) (quoting Campbell v. Cochran, 416 A.2d 211, 221 (Del.Super.Ct.1980)). Abandonment is a question of intent, and the burden of proving it is on the person asserting it. Dade County v. City of N. Miami Beach, 69 So.2d 780, 783 (Fla. 1953); J.C. Vereen & Sons, Inc. v. City of Miami, 397 So.2d 979, 981 (Fla. 3d DCA 1981). As a question of intent, abandonment is normally a question of fact for the trier of fact to determine. Jewett v. Leisinger, 655 So.2d 1210, 1213 (Fla. 4th DCA 1995). In the absence of a transcript or an acceptable substitute, we must affirm the order on appeal to the extent that it denied Brown's request for the trial court to enter an order to show cause or to issue a writ of replevin prior to the entry of final judgment. We affirm the circuit court on this point because the record presented to us by Brown is inadequate to demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 *296 (Fla.1979); Pignataro v. Rutledge, 841 So.2d 636, 637-38 (Fla. 2d DCA 2003). However, the circuit court's dismissal of the action on the merits stands on a different footing. We now turn our attention to this aspect of the case.

The Prematurity of Dismissal on the Merits
At a hearing on an order to show cause, the court is directed by section 78.067(2) to "make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties." This determination is to be based on the "probable validity" of the plaintiff's claim against the defendant and is preliminary to a final adjudication of the claims of the parties. JB Int'l, Inc. v. Mega Flight, Inc., 840 So.2d 1147, 1149 (Fla. 5th DCA 2003). If the plaintiff fails to establish the probable validity of the replevin claim at the hearing on the order to show cause held pursuant to section 78.067, dismissal of the complaint after the hearing is premature because the purpose of the hearing is only to determine who should have possession of the claimed property pending the final hearing. Gill v. Shively, 320 So.2d 415, 416 (Fla. 4th DCA 1975). Although the trial court may consider the merits of the plaintiff's claim insofar as may be necessary to a determination of whether the writ should issue prior to final judgment, "the trial court's ruling has no bearing on the rights of the parties when the matter is tried on the merits, nor does it bind the court at the final hearing or preclude a subsequent final adjudication dissolving the writ and ordering the return of the property." JB Int'l, Inc., 840 So.2d at 1150.[3]
Whatever the result of the hearing on the order to show cause, the case proceeds as any other civil action would, and the trial court must still make a final adjudication of the claims of the parties in accordance with the Florida Rules of Civil Procedure. See Traces Fashion Group, 763 So.2d at 503; McMurrain, 584 So.2d at 1032; Weigh Less for Life, 399 So.2d at 90; see generally Henry P. Trawick, Jr., Florida Practice and Procedure § 34-4 (2003 ed.) Accordingly, the dismissal of Brown's action after the hearing was premature. See JB Int'l, Inc., 840 So.2d at 1150; Gill, 320 So.2d at 416. The circuit court's order must be reversed to the extent that it dismissed Brown's action on the merits.

The Applicability of Florida Rule of Civil Procedure 1.440
Actions for replevin are governed by the Florida Rules of Civil Procedure. Traces Fashion Group, 763 So.2d at 503; Weigh Less for Life, 399 So.2d at 90; see also Henry P. Trawick, Jr., Florida Practice and Procedure § 34-4 (2003 ed.). Therefore, the trial court must comply with the provisions of rule 1.440 in setting a replevin action for trial.
*297 Rule 1.440 provides, in pertinent part:
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a).
The rule is designed to safeguard the parties' right to procedural due process. Parrish v. Dougherty, 505 So.2d 646, 648 (Fla. 1st DCA 1987). Noncompliance with the rule may violate a party's due process rights. See Skyway Trap & Skeet Club, Inc. v. Southwest Fla. Water Mgmt. Dist., 854 So.2d 676, 680 (Fla. 2d DCA 2003); Heritage Casket & Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983). Thus strict compliance with the rule is mandatory. See Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987); Ramos v. Menks, 509 So.2d 1123 (Fla. 1st DCA 1986).
The notice given by the circuit court in this case scheduled a thirty-minute hearing on "Plaintiff's Motion for Hearing and/or Show Cause Order." This notice did not comply with the requirements of rule 1.440(c) concerning setting cases for trial because it did not inform the parties that the circuit court intended to make a final adjudication of their claims at the scheduled hearing. See Amber Reinforcing, Inc. v. Hubbard Constr. Co., 801 So.2d 314, 315 (Fla. 1st DCA 2001); Int'l Jai-Alai Players Ass'n v. Dania Jai-Alai Div. of the Aragon Group, Inc., 563 So.2d 1117, 1119 (Fla. 4th DCA 1990). The circuit court's noncompliance with the requirements of rule 1.440(c) is a separate ground requiring reversal of the order to the extent that the order dismissed the action.

The Motion to Amend
The facts disclosed by Frank in his submissions to the circuit court concerning the sale of the dirt bikes and the disposition of the articles of clothing suggested that Brown may have a colorable claim for conversion. See Seymour, 638 So.2d at 1047-48; Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987). This case had not been set for trial, and Brown had not abused the privilege of amendment. Under the circumstances, the circuit court abused its discretion in denying Brown's motion to amend his complaint to make a claim for damages. See Myers v. Miller, 581 So.2d 904, 906 (Fla. 2d DCA 1991); Sarasota Commercial Refrigeration & Air Conditioning, Inc. v. Schooley, 381 So.2d 1141, 1144 (Fla. 2d DCA 1980); Morgran Co. v. Orange County, 818 So.2d 640, 644-45 (Fla. 5th DCA 2002).

Conclusion
The circuit court's order disregarded several procedural requirements. The observation made by Judge Silberman for this court in another replevin case is equally applicable here: "It is evident that the circuit court was attempting to get this matter resolved expeditiously and on the merits; however, the procedures which were applied were faulty." Al-Hakim v. Holder, 787 So.2d 939, 941 (Fla. 2d DCA 2001).
We affirm the circuit court's order to the extent that it denied Brown's request for the issuance of a writ of replevin prior to the entry of final judgment. We reverse the dismissal of the action. On remand, the circuit court shall enter an order granting Brown leave to amend his complaint. Our disposition of this case is made on procedural grounds only. We *298 express no opinion on the merits of the parties' claims.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Neither Brown nor Frank was represented by counsel in the action.
[2] For further information on obtaining a writ of replevin prior to the final adjudication of the claims of the parties, see generally Patrick C. Barthet & Daniel Morman, Obtaining a Replevin Writ Prior to Final Judgment, 76 Fla. B.J. 44 (Dec.2002); Philip A. Bates, Enforcement of Secured Claims in Creditors' and Debtors' Practice in Florida, §§ 3.28-.29 (Fla. Bar CLE 2003); Henry P. Trawick, Jr., Florida Practice and Procedure § 34-2 (2003 ed.).
[3] A similar rule applies in the analogous situation where a prejudgment writ of replevin has been issued without notice pursuant to section 78.068. If the writ is dissolved following the failure of the plaintiff to prove by competent and substantial evidence at a hearing on a motion to dissolve the writ the grounds upon which the writ was issued, dissolution of the writ on motion "has no effect other than to determine the right to possession of the property pending final adjudication of the claims of the parties." Weigh Less for Life, 399 So.2d at 90; see also Kalman v. World Omni Fin. Corp., 651 So.2d 1249, 1252 (Fla. 2d DCA 1995). The entry of an order dissolving the prejudgment writ of replevin on the defendant's motion "cannot be considered as depriving the plaintiff of the right to a trial under the rules of procedure applicable to other law actions generally, which includes the right to a jury trial." Weigh Less for Life, 399 So.2d at 90.