ROTHENBERG, J.
The defendants, Denis R. Weinberg, M.D. and Associates Corp., et al. (collectively, “Weinberg”), appeal from a non-final order requiring Weinberg to post a bond, although the trial court denied the Verified Motion for Pre-Judgment Writ of Replevin (“Replevin Motion”) filed by the plaintiff, Siemens Financial Services, Inc. (“Siemens”). We reverse and remand for further proceedings consistent with this opinion.
Siemens filed a Verified Complaint against Weinberg, asserting claims for breach of medical equipment leases, a loan agreement, corporate guaranties, and a settlement agreement, and seeking a re- *222 plevin of the leased medical equipment. Siemens also filed the Replevin Motion, citing to sections 78.01 et seq., Florida Statutes. Thereafter, the trial court issued an Order to Show Cause, notifying Weinberg, in part, as follows:
The Defendants have the right to file affidavits on their behalf with the Court and may appear personally or by way of an attorney and present testimony on their behalf at the time of the hearing; or, on a finding by the Court pursuant to section 78.067(2), Florida Statutes, that Plaintiff is entitled to the possession of the claimed property described in the motion for prejudgment writ of replevin pending final adjudication of the claims of the parties, the Defendants may file with the Court a written undertaking executed by a surety approved by the Court in an amount equal to the value of the property to stay the order authorizing the delivery of the property to Plaintiff.
(Emphasis added).
At the show cause hearing, at which both parties were represented, the trial court ruled that it was denying Siemens’ Replevin Motion, but ordered Weinberg to post a bond equaling 1.25 times the amount owed to Siemens. As there was no transcript of the hearing[1] and the parties could not agree as to the trial court’s basis for ordering Weinberg to post a bond, two proposed orders were submitted to the trial court — one citing to section 78.068(4) and the other not citing to any statute. The trial court executed the order that did not cite to any statute. Despite the denial of Siemens’ Replevin Motion, the trial court ordered Weinberg to “post a bond in the amount of $1,544,246.25, which is 1.25 times the amount of $1,235,397.00, which is the amount due and owing on the agreements through March 10, 2011, exclusive of attorneys’ fees and costs, for the satisfaction of any judgment that may be rendered against [Weinberg].” Weinberg’s non-final appeal follows.
Weinberg contends that, pursuant to section 78.068(4), Florida Statutes (2011), the trial court erred by requiring it to post a bond where the trial court denied Siemens’ Replevin Motion. In response, Siemens argues that (1) the trial court’s order does not reference section 78.068, and therefore, the statute is inapplicable, and (2) the portion of trial court’s order requiring Weinberg to post a bond was entered pursuant to the trial court’s “inherent authority” to protect a litigant’s property. Contrary to the parties’ contentions, we conclude that neither section 78.068 nor the trial court’s “inherent power” constituted a legal basis for ordering Weinberg to post a bond. Rather, we conclude that section 78.067, Florida Statutes (2011), is applicable.
Prior to addressing the merits of the order under review, we address the basis of the trial court’s ruling. In arguing that the trial court ordered Weinberg to post the bond pursuant to the trial court’s “inherent power,” Siemens ignores that its Replevin Motion was filed “pursuant to Florida Statutes § 78.01 et seq.”; the trial court ordered Weinberg to show cause pursuant to section 78.067(2); and the order under review does not refer to the trial court’s “inherent power.” Further, a court’s inherent power does not permit a court to ignore existing law, such as writ of replevin statutes. See Brand v. *223 Old Republic Nat’l Title Ins. Co., 797 So.2d 643, 645 (Fla. 3d DCA 2001) (“Courts have the inherent power to do all things that are reasonably necessary to administer justice within the scope of their jurisdiction, subject to existing laws and constitutional provisions.”). Rather, “[ijn-herent power has to do with the incidents of litigation, control of the court’s process and procedure, control of the conduct of its officers, and the preservation of order and decorum with reference to its proceedings.” Brand, 797 So.2d at 645 (quoting Petition of Fla. Bar, 61 So.2d 646, 647 (Fla.1952)). Therefore, we conclude that the trial court did not order Weinberg to post a bond pursuant to the trial court’s “inherent power.”
Next, we address the statutes that authorize Siemens to seek a writ of replevin prior to entry of a final judgment, thereby allowing Siemens “to obtain possession of the property during the pendency of the replevin action and until the parties’ claims are finally adjudicated.” Brown v. Reynolds, 872 So.2d 290, 294 (Fla. 2d DCA 2004). “Chapter 78 of the Florida Statutes provides two separate and distinct methods of obtaining a writ of replevin prior to the entry of final judgment in the replevin action.” Id. First, “[pjursuant to sections 78.065 and 78.067, and in the absence of an effective waiver, the defendant must be given notice and a show cause hearing held before the writ of replevin may issue prior to the entry of final judgment.” Id. Second, “[pjursuant to section 78.068, the prejudgment writ may issue without notice and a hearing, but the plaintiff must post a bond.” Id.
In the instant case, the record before this Court reflects that Siemens did not file its Replevin Motion pursuant to section 78.068 because Siemens neither sought an ex parte writ of replevin nor posted the required bond. See § 78.068(3), Fla. Stat. (2011) (“The petitioner must post bond in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court, as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.”). Rather, the record reflects that Siemens’ Replevin Motion proceeded under section 78.067 as the trial court, pursuant to section 78.067(2), directed Weinberg to show cause why the claimed property should not be taken. Therefore, we review the merits of the trial court’s order pursuant to section 78.067, which provides, in part, as follows:
(2) If the court finds that the defendant has not waived the right to be heard on the order to show cause in accordance with s. 78.075, the court shall at the hearing on the order to show cause consider the affidavits and other showings made by the parties appearing and make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties. This determination shall be based on a finding as to the probable validity of the underlying claim alleged against the defendant. If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin. However, the order shall be stayed pending final adjudication of the claims of the parties if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property.
(Emphasis added).
We first address the trial court’s ruling requiring Weinberg to post a bond. This was error for two separate reasons.
*224 First, because the trial court denied the Replevin Motion, there was no need for Weinberg to post a bond to stay a non-existing writ of replevin. Second, even if the trial court had granted Siemens’ Re-plevin Motion, the trial court lacked authority to require Weinberg to post a bond, as the decision to post a bond would have rested solely with Weinberg. Section 78.067(2) merely provides a defendant with a mechanism for obtaining a stay of a prejudgment writ of replevin by posting the requisite bond pending final adjudication of the parties’ claim. If a replevin order was issued pursuant to section 78.067(2), and Weinberg elected to post a bond to stay the seizure of the property, the bond should have been “in an amount equal to the value of the property,” not 1.25 times the amount owed by Weinberg as ordered by the trial court. We, therefore, reverse the order under review.
We additionally note that based on Weinberg’s admission that it owes Siemens over $1.2 million and the trial court’s finding that Weinberg owed Siemens $1,544,246.25, the trial court implicitly determined that, “with reasonable probability,” Siemens “is entitled to the possession of the claimed property pending final adjudication of the claims of the parties.” Under section 78.067(2), “[i]f the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin.” (emphasis added). Accordingly, we reverse the order under review without prejudice to allow the trial court to reconsider Siemens’ motion under section 78.067(2), and in conformity with the trial court’s previous findings, as expressed in this opinion.
Reversed and remanded with directions.

. The lack of a transcript does not preclude appellate review because the error was apparent on the record. See Hill v. Calderin, 47 So.3d 852, 854 (Fla. 3d DCA 2010); Wolfe v. Nazaire, 758 So.2d 730 (Fla. 4th DCA 2000): Peacock Constr. Co, v. Gould, 351 So.2d 394, 395 (Fla. 2d DCA 1977).