PER CURIAM.
Appellant, Keybank National Association, timely appeals a final judgment in a replevin action in favor of appellee, Arthur Grossman. Keybank had filed a complaint for replevin against Grossman, demanding possession of a boat. During the pen-dency of the case, Keybank moved for prejudgment possession of the boat. Section 78.067, Florida Statutes, provides the process for prejudgment possession of property. Despite the fact that the hearing was not noticed as a final hearing on the matter, the trial court entered a final judgment concluding that it had heard all the evidence and could make a final ruling, over Keybank’s strenuous objection that it was entitled to a further trial on the merits of its complaint. Entering a final judgment based upon the prejudgment hearing was error. See Brown v. Reynolds, 872 So.2d 290, 296 (Fla. 2d DCA 2004). Brown succinctly states the relevant procedure:
At a hearing on an order to show cause, the court is directed by section 78.067(2) to “make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties.” This determination is to be based on the “probable validity” of the plaintiffs claim against the defendant and is preliminary to a final adjudication of the claims of the parties. JB Int’l, Inc. v. Mega Flight, Inc., 840 So.2d 1147, 1149 (Fla. 5th DCA 2008). If the plaintiff fails to establish the probable validity of the replevin claim at the hearing on the order to show cause held pursuant to section 78.067, dismissal of the complaint after the hearing is premature because the purpose of the hearing is only to determine who should have possession of the claimed property pending the final hearing. Gill v. Shively, 320 So.2d 415, 416 (Fla. 4th DCA 1975). Although the trial court may consider the merits of the plaintiffs claim insofar as may be necessary to a determination of whether the writ should issue prior to final judgment, “the trial court’s ruling has no bearing on the rights of the parties when the matter is tried on the merits, nor does it bind the court at the final hearing or preclude a subsequent final adjudication dissolving the writ and ordering the return of the property.” JB Int’l, Inc., 840 So.2d at 1150.

Whatever the result of the hearing on the order to show cause, the case proceeds as any other civil action would, and the trial court must still make a final adjudication of the claims of the parties in accordance with the Florida Rules of Civil Procedure.

Id. at 296 (emphasis supplied) (footnote omitted). In Brown, the court reversed the trial court’s dismissal of the complaint for replevin entered, as in this case, after hearing on the prejudgment motion for possession. Similarly, we reverse the trial court’s dismissal of Keybank’s complaint. Keybank is entitled to a final hearing on the merits.

Reversed and remanded for further proceedings.

MAY, C.J., WARNER and GROSS, JJ., concur.