CASANUEVA, Judge.
Coastal Palms Holdings, LLC, appeals the final judgment entered against it in a replevin action brought by Theodore M. Paxton. Because of procedural irregularities, we are compelled to reverse.
A. Facts
Coastal Palms, as assignee of the mortgagee Bank of America, obtained a final judgment of foreclosure on an office building. The mortgage covered not only the real property but also fixtures, furniture, equipment, and after-acquired property. The notice of lis pendens filed as part of the foreclosure action included a list of the personal property and stated that the plaintiff was also foreclosing on the fixtures, equipment, appliances, furniture, security and access control apparatus, cabinets, furniture, pictures, and plants. A tenant in one of the suites in the building, Star Sun Management, Inc., was named as a defendant in the foreclosure action along with the mortgagor corporate owner of the building. Julius Szabo was the president of Star Sun Management as well as the managing member of the mortgagor corporation. Coastal Palms obtained its final judgment of foreclosure in September 2011 that included both the real property and the personal property identified in the mortgage and notice of lis pendens. Coastal Palms was thereafter the winning bidder at the foreclosure sale.
After the sheriff served the writ of possession on the tenant in November 2011, *38 Coastal Palms corresponded with Star Sun’s pi’esident about personal property that had been left in Star Sun’s suite. In early December 2011, Mr. Paxton called Coastal Palms’ counsel to inform her that he had sublet Star Sun’s suite and therefore the property within it belonged to him. Coastal Palms requested that Mr. Paxton submit proof that he owned the property but no such proof was forthcoming. Mr. Szabo then informed Coastal Palms that the property in the suite belonged to him (Mr. Szabo) and that Mr. Paxton was his business associate. Meanwhile, Coastal Palms located an inventory book in the suite which indicated that certain items in the suite belonged to the mortgagor corporation. Based on this discovery and because Mr. Szabo was the managing member of the mortgagor corporation, in late December Coastal Palms allowed Mr. Paxton, as Mr. Szabo’s representative, to remove the personal property that was not subject to foreclosure from the suite. But in January 2012, Mr. Szabo claimed that all of the remaining personal property belonged to him and demanded that Coastal Palms return it. In February 2012, Mr. Paxton’s counsel wrote to Coastal Palms and alleged that all the remaining property in the suite belonged to Mr. Pax-ton. But Coastal Palms replied that all the remaining property in the suite had belonged to the mortgagor corporation and, as such, Coastal Palms became the owner of that personal property by virtue of the foreclosure sale.
Because Coastal Palms would not return the remaining property to him, on February 21, 2012, Mr. Paxton filed the underlying civil action for replevin against Coastal Palms. The complaint alleged that Mr. Paxton had purchased the property from Mr. Szabo on December 28, 2011, which was six months after the notice of lis pen-dens was filed in the foreclosure action. On February 28, 2012, the trial court entered an ex parte order to show cause. Coastal Palms was served with the complaint and the order to show cause and thereafter filed its answer and affirmative defenses on March 30, 2012. Coastal Palms claimed that because the alleged sale of the property to Mr. Paxton took place after the notice of lis pendens was filed, Mr. Paxton was not entitled to ownership of the property because it came into Coastal Palms’ possession by virtue of the completed foreclosure action and sale.
The hearing on the show cause order was held on April 3, 2012, and, at the conclusion of the hearing, the trial court took the matter under advisement. On April 18, the trial court entered a final judgment finding that the property belonged to Mr. Paxton. There had been no notice for trial pursuant to Florida Rule of Civil Procedure 1.440(b) filed or served on Coastal Palms to alert it that the April 3 hearing was anything other than a show cause hearing or that the trial court would make a final adjudication of the merits of the case in what was scheduled as a thirty-minute hearing. This appeal timely followed.[1]
B. Analysis
An action for replevin is a civil action in which the Florida Rules of Civil Procedure apply. Writing for the court, Judge Wallace explained that “[t]he essence of an action of replevin is the ‘unlawful detention of personal property from plaintiff at the commencement of the action, regardless of whether defendant ac *39 quired possession rightfully or wrongfully.’ ” Brown v. Reynolds, 872 So.2d 290, 294 (Fla. 2d DCA 2004) (quoting Senfeld v. Bank of Nova Scotia Trust Co. (Cayman), 450 So.2d 1157, 1161 n. 5 (Fla. 3d DCA 1984)).
In this case, the final judgment resulted from a hearing triggered by the trial court’s order to show cause. The “show cause” hearing was authorized by section 78.067(2), Florida Statutes (2011). In pertinent part, the statute requires the trial court to hold a hearing and “make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties.” Id. Thus, the statute contemplates a temporary, pendente lite, award and not a final adjudication on the merits. “This determination is to be based on the ‘probable validity’ of the plaintiffs claim against the defendant and is preliminary to a final adjudication of the claims of the parties.” Keybank Nat’l Ass’n v. Passport Marine, Inc., 76 So.3d 1137, 1138 (Fla. 4th DCA 2012) (quoting JB Int’l, Inc. v. Mega Flight, Inc., 840 So.2d 1147, 1149 (Fla. 5th DCA 2003)). Regardless of the result of the show cause hearing, “the case proceeds as any other civil action would, and the trial court must still make a final adjudication of the claims of the parties in accordance with the Florida Rules of Civil Procedure.” Brown, 872 So.2d at 296.
C. Conclusion
In this case, the final judgment resulted only from the show cause procedure. It is thus clear that the action at the time of the show cause hearing was not ripe for final disposition. The record does not disclose that the parties followed the procedures required by rule 1.440 or that they utilized an authorized alternative procedure so as to permit a trial on the merits. Accordingly, to the extent that the order of April 18, 2012, purports to be a final judgment or adjudication on the merits, we reverse.
Reversed and remanded for further proceedings.
KELLY and VILLANTI, JJ„ Concur.

. The order the trial court entered is titled "Final Judgment” and purports to be a final adjudication on the merits of the case, despite the fact that it does not include the routine expression “let execution issue.” Mr. Paxton contends that the order is not an appealable order but we disagree.