PER CURIAM.
In petitioner’s action seeking replevin of property, the county court issued a Re-plevin Order to Show Cause, directing defendant to show cause why the property should not be delivered to petitioner “pending final adjudication of the claims of the parties” under section 78.067(2), Florida Statutes (1979). After the hearing, the county court issued a Final Judgment Denying Replevin, denying petitioner’s six causes of action.
Petitioner filed a direct appeal in circuit court, challenging the county court’s factual findings, and contending that the county court had erred as a matter of law by issuing a final judgment when the statute authorized only a preliminary determination of possession during the pendency of the litigation. The circuit court affirmed, stating that it would not disturb the county court’s factual determinations.
As both the language of the statute and case law make clear, a hearing on the issue of possession during the pen-dency of a replevin action cannot lead to a final adjudication on the merits. See Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981); JB Int’l, Inc. v. Mega Flight, Inc., 840 So.2d 1147 (Fla. 5th DCA 2003); Brown v. Reynolds, 872 So.2d 290 (Fla. 2d DCA 2004); Keybank Nat’l Ass’n, Inc. v. Passport Marine, Inc., 76 So.3d 1137 (Fla. 4th DCA 2012); Coastal Palms Holdings, LLC v. Paxton, 2013 WL 811479 (Fla. 2d DCA 2013).
By prematurely adjudicating the merits of this case and issuing a final judgment, based upon a proceeding that was preliminary in nature, the county court denied petitioner’s right to due process. Because the circuit court was thus obligated to reverse and remand, its affirmance constitutes a violation of a clearly By prematurely adjudicating the merits of this case and issuing a final judgment, based upon a proceeding that was preliminary in nature, the county court denied petitioner’s right to due process. Because the circuit court was thus obligated to reverse and remand, its affirmance constitutes a violation of a clearly established principle of law resulting in a miscarriage of justice. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003).
We GRANT the petition for writ of cer-tiorari.
PADOVANO, ROBERTS, and CLARK, JJ., concur.