STEVENSON, J.
Appellant Chubb Indemnity Insurance Company (“Chubb Indemnity”) appeals the dismissal of its claims of (1) negligence and (2) breach of bailment in favor of appellee Marie Stoyanovich, the defendant below. Ms. Stoyanovich, in breaking off a wedding engagement, claimed she did not know the whereabouts of the engagement ring when Hank Freid, the insured and disappointed suitor, demanded its return. As a result, Chubb Indemnity paid Mr. Freid $206,000.00 under his insurance policy. In this subrogation action, Chubb Indemnity sought reimbursement from Ms. Stoyanovich, claiming she breached a duty of care in preventing loss or damage to the ring while it was in her possession. The trial court dismissed both counts, holding that any causes of action for damages arising out of an oral contract to marry are barred in Florida pursuant to Gill v. Shively, 320 So.2d 415 (Fla. 4th DCA 1975).
We reverse, finding that the trial court misread Gill, which expressly stated that section 771.01, Florida Statutes, “only bars actions for damages for alienation of affections, criminal conversation, seduction, or breach of contract to marry, and does not affect the rights of parties relative to gifts passing between them.” Id. at 417 (emphasis added). Accordingly, section 771.01, Florida Statutes (2009), does not bar Chubb Indemnity’s claims for negligence and breach of bailment.

Reversed and remanded.

DAMOORGIAN, C.J., and SINGHAL, RAAG, Associate Judge, concur.