DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

MAYLENE TULSI,

Appellant,

v.

PRAVU RAMLAGAN, as personal representative of
the Estate of Narendranauth Ramlagan, deceased,

Appellee.

Nos. 2D2024-0902, 2D2024-1592
CONSOLIDATED

—————————————————

May 21, 2025

Appeal from the Circuit Court for Hillsborough County; Nancy L. Jacobs, Judge.

Nicole Deese Newlon of Johnson, Newlon & DeCort, P.A., Tampa, for Appellant.

Allison M. Perry of Florida Appeals, P.A., Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

Maylene Tulsi appeals a final judgment entered by the circuit court purportedly following a trial. But the court never noticed the trial for the date on which it supposedly took place, *see* Fla. R. Civ. P. 1.440(c) (2023) ("If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial."); *see also Brown v. Reynolds*, 872 So. 2d 290, 297 (Fla. 2d DCA 2004) ("[Rule 1.440] is designed to safeguard

the parties' right to procedural due process." (citing *Parrish v. Dougherty*, 505 So. 2d 646, 648 (Fla. 1st DCA 1987))), and nothing in the record supports the court's finding that the parties agreed or otherwise consented to conduct the trial on that date. Indeed, everything that is before us strongly supports a finding to the contrary.

We therefore reverse and remand for vacatur of the final judgment and for further proceedings.

KHOUZAM and MOE, JJ., Concur.

––––––––––––––––––––––––––––

Opinion subject to revision prior to official publication.