DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RYAN KEHOE,

Appellant,

v.

KELLY KEHOE, ROGER KEHOE, and SANDRA KEHOE,

Appellees.

No. 2D22-3031

_____

December 27, 2023

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Rex Martin Barbas, Judge.

Ryan Kehoe, pro se.

Kelly Kehoe, Roger Kehoe, and Sandra Kehoe, pro se.

KELLY, Judge.

Ryan Kehoe appeals from the order denying him a prejudgment
writ of replevin to recover certain possessions from his parents, Roger
and Sandra Kehoe.[1]  We affirm the order but remand for the trial court to

_____

[1] We have jurisdiction pursuant to Florida Rule of Appellate
Procedure 9.130(a)(3)(C)(ii).

rule on Ryan's pending motions and to make a final adjudication of the claims in Ryan's complaint after an evidentiary hearing.

Ryan moved from Florida to Colorado in 2011 and left his diplomas, little league baseball trophies, trading cards and miscellaneous sports memorabilia, and other items of sentiment at his parents' house. In 2021, Ryan sought to reclaim his possessions from his parents. When his parents failed to return the items he requested, Ryan filed an action against them for replevin.[2] The trial court held a status conference remotely on Ryan's numerous filings. Following the hearing, the trial court rendered an Order on Replevin directing Ryan's parents[3] to inventory and photograph the items in the fifteen boxes in their possession and return them to Ryan by placing them in a designated hotel room. Ryan was to collect the boxes and inventory the items by September 15, 2022. The parties were then required to notify the court in writing when the transaction was completed. The court dismissed Ryan's claim for intentional infliction of emotional distress against his sister, Kelly Kehoe, and denied his "Emergency Motion for a Temporary Injunction" requesting the court to grant him a prejudgment writ of replevin. The trial court did not rule on Ryan's other motions.

_____

[2] Counts I and II of Ryan's complaint are claims against his parents for replevin under sections 78.01 and 78.03, Florida Statutes (2021). Count III is a claim against his sister, Kelly Kehoe, for intentional infliction of emotional distress. Ryan also moved (1) for an order to show cause and a hearing, (2) for an order to compel discovery, (3) for a prejudgment writ of replevin under section 78.068(2), (4) for entry to inspect his property at his parents' house, and (5) for an emergency injunction for a prejudgment writ of replevin.

[3] In the Order on Replevin the trial court mistakenly referred to the mother as Kelly and the sister as Sandra.

As directed by the Order on Replevin, Ryan's parents placed the boxes in the hotel room and left the key at the front desk. Ryan went to the hotel to collect his property but, upon taking inventory, was not satisfied that all his possessions had been returned. He filed a motion for sanctions against his parents. The trial court did not rule on the motion.

In this appeal, Ryan argues that once the trial court determined that he was entitled to the return of his personal property, he was entitled to a prejudgment writ of replevin, citing section 78.067(2), Florida Statutes (2021) ("If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin."). He contends that the property his parents have retained is worth nearly ninety percent of the total value of all the property they originally possessed and that the trial court's failure to grant the writ and to rule on his motions has caused him additional damages. He alleges that he can prove the value of the missing items and that his parents still possess them.

## Analysis

Chapter 78, Florida Statutes, governs replevin actions. Ryan filed his complaint for "ordinary replevin" under section 78.01, which states that "[a]ny person whose personal property is wrongfully detained by any other person . . . may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention." An ordinary replevin action "provides an avenue of relief for obtaining possession of the personal property *after* a trial on the merits and the entry of final judgment." *McMurrain v. Fason*, 584 So. 2d 1027, 1030 (Fla. 1st DCA 1991).

3

Ryan also filed a motion for a prejudgment writ of replevin under section 78.068(2). The prejudgment writ of replevin is a summary procedure for the limited purpose of obtaining possession of property *before* trial to secure it against the "danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action." *McMurrain,* 584 So. 2d at 1030 (quoting § 78.068(2)). Sections 78.065 and 78.067 describe the procedures to obtain a prejudgment writ of replevin.

It appears from the record provided to this court that Ryan failed to meet the statutory requirements to obtain immediate relief under sections 78.065 or 78.067. As such, the trial court correctly denied Ryan's motion for a prejudgment writ. However, the denial of a prejudgment writ is not a final adjudication of the merits of the action. Ryan still has a right to a trial on the merits of his complaint for ordinary replevin. *See Coastal Palms Holdings, LLC v. Paxton,* 110 So. 3d 36, 39 (Fla. 2d DCA 2013) (stating that regardless of the outcome of a preliminary hearing on a prejudgment writ of replevin the trial court must still adjudicate the party's claims); *Brown v. Reynolds,* 872 So. 2d 290, 296 (Fla. 2d DCA 2004) (holding that, after the denial of a pretrial writ of replevin, "the trial court must still make a final adjudication of the claims of the parties in accordance with the Florida Rules of Civil Procedure").

Accordingly, we affirm the trial court's order denying the emergency motion for a prejudgment writ of replevin. However, we remand for further proceedings to allow the court to rule on any pending motions and then to proceed to trial on the claims in Ryan's complaint. At trial Ryan may present evidence to support his allegations that his parents still

4

possess his property or to establish the value of any lost property. The court must then make a final adjudication of the claims in Ryan's complaint based on the evidence presented at trial.

Affirmed in part, reversed in part, and remanded for further proceedings.

LUCAS and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.